(Decided 31st May, 1871.)

---

LEWIS KIMBALL *vs.* ROBERT K. HARMAN and THOMAS B. BURCH.

*Action on the Case for an alleged Conspiracy—Gist of the Action—Special Damage sustained by the Plaintiff—Conspiracy as matter of Aggravation—When Case is not a proper Remedy.*

In an action on the case against several, founded on an alleged conspiracy to injure the plaintiffs, they are not entitled to recover, even if there were such unlawful conspiracy among the defendants, unless the plaintiffs can show that they have in fact been aggrieved, or have sustained actual legal damage by some overt act, done in pursuance and execution of the conspiracy.

No action lies for simply *conspiring* to do an unlawful act; it is the doing the act itself, and the resulting actual damage to the plaintiff which furnish the ground of the action.

An act which, if done by one alone, constitutes no ground of an action on the case, cannot be made the ground of such action by alleging it to

have been done by and through a conspiracy of several. The quality of the act, and the nature of the injury inflicted by it, must determine the question whether the action will lie.

The fact of conspiracy is matter of aggravation, and it only becomes necessary, in order to entitle the plaintiff to recover in one action against several, that the combination or conspiracy should be proved.

In an action on the case against several, for an alleged conspiracy to defeat the right of the plaintiffs to receive and possess a certain lot of bedsteads, which they had purchased of one of the defendants, the plaintiffs cannot recover damages against such defendant, for a breach of the contract of sale to them.

APPEAL from the Baltimore City Court.

The case is sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*Samuel Snowden,* for the appellant.

*John Henry Keene, Jr.,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

This was an action on the case, grounded on an alleged conspiracy by the three defendants to injure the plaintiffs, the present appellees. The declaration contains four counts and charges, in substance, that the defendants combined and conspired together to defeat the right of the plaintiffs to receive and possess a certain lot of bedsteads which they had purchased of Kimball, the appellant, and whereby they, the plaintiffs, were subjected to great trouble, delay and vexatious litigation.

The case was tried on the general issue plea of not guilty, and the verdict was in favor of the plaintiffs as against Kimball, the appellant, but acquitted the other two defendants, Thomas H. Hanson and John E. Phillips, and this appeal, therefore, is by Kimball alone.

At the trial, there were several exceptions taken by the defendants to the admissibility of evidence offered by the plaintiffs; and at the close of the evidence there were some seven prayers offered by the defendants for instruction to the jury; but of which prayers only the first and second were granted, and to the refusal of the rest, exception was taken.

Before considering any of the questions raised by these exceptions, it may be proper that we state briefly the general principles that govern cases of this character, as by so doing we may the more readily determine whether there be any sufficient ground disclosed in the record to sustain the plaintiffs' right to recover as against the appellee.

There is no doubt of the right of a plaintiff to maintain an action on the case against several, for conspiring to do, *and actually doing*, some unlawful act to his damage. But it is equally well-established, that no such action can be maintained unless the plaintiff can show that he has in fact been aggrieved, or has sustained actual legal damage by some overt act, done in pursuance and execution of the conspiracy. *Cartrique vs. Behrens*, 30 *Law J*, (2 *B.*,) 168. It is not, therefore, for simply conspiring to do the unlawful act that the action lies. It is for doing the act itself, and the resulting actual damage to the plaintiff, that afford the ground of the action. Indeed, the allegation of conspiracy by the defendants would seem to be immaterial as to the right of action. "A simple conspiracy," says NELSON, Chief Justice, in *Hutchins vs. Hutchins*, 7 *Hill*, (*New York*,) 107, "however atrocious, unless it resulted in actual damage to the party, never was the subject of a civil action, not even when the old form of a writ of conspiracy, in its limited and most technical character, was in use. Then, indeed, the allegation of conspiracy was material and substantive, because, unless established by the proof, the plaintiff failed, as it was essential that the verdict should be against two at least in order to be upheld." The action like the present, therefore, may be brought against one defendant, or, if brought against several, one may be convicted and

the others acquitted. But where the action is brought against several, as having combined to do the unlawful act, it is necessary, of course, in order to recover against them all, to prove that they were all engaged in the conspiracy. The foundation or gist of the action, however, is the actual damage sustained by the plaintiff. Some right of his must be violated, and damage must result therefrom as the direct and proximate consequence, otherwise, the action cannot be sustained. This has been repeatedly decided. In *Savile vs. Roberts*, 1 *Ld. Raym.*, 374, Lord HOLT, in answer to the suggestion at the bar, that the fact of the conspiracy was sufficient to maintain the action, said, "that conspiracy is not the ground of these actions, *but the damage done to the party*, for an action will not lie for the greatest conspiracy imaginable, if nothing be put in execution; but if the party be damaged, the action will lie. From whence it follows," continued his lordship, "that the damage is the ground of the action, which is as great in the present case as if there had been a conspiracy. And *F. N. B.*, 114 *D.*, says, that where two cause a man to be indicted, if it be false and malicious, he shall have conspiracy; where one, he shall have case, so that the actions are founded upon one common foundation; but the number of the parties defendants determines it to the one or to the other. Though in the old books, such actions are called conspiracies, yet they are nothing in fact but actions upon the case. For conspiracy (to speak properly) lies only for procuring a man to be indicted of treason or felony, where life was in danger. *F. N. B.*, 116 *A.* And if such an action be sued against two defendants for procuring a man to be indicted of a smaller offence, though the word *conspiraverunt* be in the writ, yet if one of them be acquitted, the other may be found guilty. 11 *Hen.*, 7, 25. *Contra*, of a proper action of conspiracy; for there, if the one be acquitted, no judgment can be given against the other."

It is clear, therefore, as well upon the authority of other cases as that of *Savile vs. Roberts*, that an act which, if done

by one alone, constitutes no ground of an action on the case, cannot be made the ground of such action by alleging it to have been done by and through a conspiracy of several. The quality of the act, and the nature of the injury inflicted by it, must determine the question whether the action will lie. *Hutchins vs. Hutchins*, 7 *Hill*, 104; *Wellington vs. Small*, 3 *Cush.*, 145; *Adler vs. Fenton*, 24 *How.*, 407; *Cotterell vs. Jones*, 11 *Com. Bench*, 713, (73 *E. C. L. Rep.*)

The fact of conspiracy is matter of aggravation, and, as we have before stated, it only becomes necessary, in order to entitle the plaintiff to recover in one action against several, that the fact of the combination or conspiracy should be proved.

Now, with these general principles in view, let us turn to the prayers that were offered by the defendants and rejected by the Court below, and ascertain whether there was error in their rejection. The third and sixth would seem to be the most material.

By the third prayer, the Court was requested to instruct the jury that, even if there had been an unlawful combination among the defendants to injure the plaintiffs, there was no evidence that any damage was done them, and they were not therefore entitled to recover.

As we have seen, the gist of the action is not the conspiracy, but the actual damage done to the plaintiffs; and this prayer must be taken as referring to such damage as was properly recoverable in this form of action. The combination or conspiracy among the defendants to damage the plaintiffs, was negatived by the verdict of the jury in acquitting two of the defendants, Hanson and Phillips; and whether the other defendant, the appellant, should not also have been acquitted, depends upon the nature of the act proved, and the consequent damage to the plaintiffs.

The only evidence in the case upon which the plaintiffs could pretend to rely for recovery as against the present appellant alone, was the well established fact that the bedsteads, which had been purchased by the plaintiffs and shipped to

them in Baltimore, were withheld from them by the direction of and through the instrumentalities employed by the appellant, when, as it subsequently appeared, they were entitled to receive them. They resorted to *replevin* and recovered them; but it is very manifest from all the evidence in the cause, both on the part of the plaintiffs and defendants, that the *replevin* was more the result of the election of the parties than the necessity of the case. Be that, however, as it may, it is very clear, that no matter how flagrant may have been the intention of the appellant to violate his contract with the plaintiffs, or however much he may in fact have violated it, this action was not the remedy for such a wrong. If the property had been so far delivered to the plaintiffs as to vest in them the right of possession, then, for any unauthorized obstruction of or interference with that right, such as is complained of in this case, the actions of *trespass* or *trover* were the appropriate remedies for the recovery of damages. But an action on the case, in which consequential damages only are recoverable, is not the proper remedy, and especially not in the face of the testimony of one of the plaintiffs themselves, that he "could not say anything about any particular damage," and did not know of any instance in which their business had been hurt. Finding, therefore, no sufficient evidence, in the record, of damage to the plaintiffs that could be recovered in this action, we think the Court below was in error in refusing the third prayer.

By the sixth prayer, the Court was requested to instruct the jury that the plaintiffs were not entitled, under the pleadings in the cause, to recover any damage against the appellant for breach of any contract of sale to the plaintiffs; which prayer was refused, and, in which refusal, we think the Court was clearly in error. The action is not founded upon breach of contract, and the jury should not have been allowed to take any such question into consideration. It appears by the bill of exception that the plaintiffs' counsel conceded the correctness of the prayer, but as the Court rejected it, it was withheld

from the jury, and, consequently, the appellant derived no benefit from the concession. It was clearly his right to have the instruction granted by the Court, being, as we think, such as ought to have been granted.

The judgment of the Court below will, therefore, be reversed; but, in order that the plaintiffs may have an opportunity of producing other proof, or to make application for leave to amend in such respect as they may be advised, we shall remand the cause for a new trial. But, of course, any further proceeding that may be had in the present case can only be taken against the appellant, as the other two original defendants stand acquitted and discharged.

*Judgment reversed and*
*new trial awarded.*

(Decided 1st June, 1871.)