JOHN FRANKLIN *vs.* AUGUST ERICKSON AND ANOTHER.

Aroostook.　　Opinion June 1, 1929.

*W. P. Hamilton,*
*A. S. Crawford, Jr.,*
*John S. Cummings,* for plaintiff.
*Joseph E. Hall,*
*Ransford W. Shaw,* for defendant.

SITTING: WILSON, C. J., DEASY, STURGIS, BARNES, BASSETT, JJ.
PHILBROOK, A. R. J.

BARNES, J.　This case comes before the court on defendant's motion to set aside a verdict, upon the usual grounds.

The action as tried was for conspiracy to injure the plaintiff in his reputation and profession by the utterance of slanderous words.

When sued out, the writ charged conspiracy of three but, at the trial term discontinuance as to the third was allowed and trial proceeded against defendant Erickson and his sister, Mrs. Elofson. The jury found the latter not guilty and assessed damages against Mr. Erickson, hereinafter called, the defendant.

In January, 1922, plaintiff was "Student Pastor" of the Swedish Lutheran Church, in New Sweden, Maine, the church of the defendant.

The allegation is that then and there defendant, more or less publicly, accused plaintiff of criminal intercourse with a woman then living in that town.

In 1924 plaintiff presented himself for ordination before the supreme body of his church and his petition was denied, as he testified, because knowledge of the alleged slanderous utterances of defendant was brought to the attention of the ordaining authorities.

The writ is dated October 12, 1927.

A conspiracy at common law may be defined, in short, as an agreement or combination formed by two or more persons to do an unlawful act or to do a lawful act by unlawful means.

An executed conspiracy is actionable, if it cause damage to person or property of the plaintiff. There is no recovery in a civil action for conspiracy without damage.

This action is on the case for tort. The tort complained of here is slander. As drawn the writ alleged a joint tort of three persons; as tried, the action was for a joint tort of two.

Conspiracy is a convenient form of declaration against two or more joint tort-feasors.

The averment of conspiracy adds nothing to the nature or gravity of the offense charged.

It is but a convenient mode of declaring for a joint tort against two or more persons.

True the choice of tort in the nature of conspiracy affects the expense of litigation and the applicability of evidence, but the gist of the action, its ground and foundation is the tort alleged, in this case slander.

It is for the tort proven that a defendant or defendants must respond in damages. *Parker* v. *Huntington et al*, 2 Gray, 124; *Hayward* v. *Draper*, 3 Allen, 551; *Carew* v. *Rutherford*, 106 Mass., 1; *Rice* v. *Coolidge*, 121 Mass., 393; *Boston* v. *Simmons*, 150 Mass., 463; *Page* v. *Parker*, 43 N. H., 363; *Stevens* v. *Rowe*, 59 N. H., 578; *National Fireproofing Co.* v. *Mason Builders Ass'n*, 169 Fed., 259, 26 L. R. A. (N. S.), 148; *Brown & Allen* v. *Jacobs Pharmacy Co.*, 115 Ga., 429, 57 L. R. A., 547 ; *Kimball* v. *Harmon*, 34 Md., 407, 6 Am. Rep., 340; *Jones* v. *Monson*, 137 Wis., 478, 119 N. W., 179; *Garing* v. *Fraser*, 76 Me., 37 ; *Strout* v. *Packard*, 76 Me., 148.

As the gist of an action on the case in the nature of a conspiracy is the damage done to the plaintiff, the authorities sustain the proposition that a verdict, in a proper case, may be rendered against all the defendants, if the damage and the conspiracy are proven, or against one of the defendants if the damage is found due to tort on his part, even though no conspiracy is proved. 19 Am. and Eng. Ann. Cases, 1254 Note.

In the case at bar the jury found no conspiracy, but found defendant Erickson guilty. They, therefore, found him guilty of slander, uttered in 1922, five years and more before the date of the writ.

But in this state an action for slander must be commenced within two years after the cause of action accrues. R. S., Chap. 86, Sec. 87.

Since the date of this writ no action can be tried for slander uttered in 1922, as alleged in the writ, or repeated in 1924.

And by indirection a result impossible of accomplishment by direct act can not be effected.

The verdict was not arrived at within the law. Hence, upon the first ground claimed defendant prevails.

*Motion sustained.*
*New trial granted.*