VERA KERR KESSLER v. FRANK TOWNSLEY, et al.

182 So. 232.
Opinion Filed June 13, 1938.

*Ray Selden,* for Plaintiff in Error;

*B. F. Brass,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review a judgment on demurrer sustained to amended declaration in five counts.

Counts 1 and 2 showed on the face thereof that they were based on an alleged cause of action which had been pleaded by the plaintiff against the identical defendants in a former suit between the same parties as plaintiff and defendants, respectively. That the issues presented had been determined in the former suit against the plaintiff; that the judgment against the plaintiff in the former suit had become absolute and that the issues sought to be presented by these counts of the declaration have become by judgment *res adjudicata.* See Gray v. Gray, 91 Fla. 103, 107 Sou. 261; Jones v. Morgan, 59 Fla. 542, 52 Sou. 140; Prall v. Prall, 58 Fla. 496, 50 Sou. 867.

Paragraph 3 of Section 2928 R. G. S., 4648 C. G. L., has no application here.

The defense of *res adjudicata* may be raised by demurrer

where facts supporting it appear on the face of the pleadings. 34 C. J. 1058; Keen v. Brown, 46 Fla. 487, 33 Sou. 401.

The third, fourth and fifth counts of the declaration are based on an alleged conspiracy to commit perjury and the alleged commission of perjury by the defendants, husband and wife, in the trial of the former suit to defeat the action of plaintiff.

Plaintiff in error conceded that such an action is condemned as untenable by the great weight of authority. In 26 R. C. L 770, it is said:

"It is well settled that the defeated party to an action cannot maintain an action against one whose perjured testimony brought about the adverse verdict. This is usually placed upon the ground that public policy and convenience require the establishment of this rule, or that to permit the action would involve a collateral attack on the judgment, which cannot be permitted even as to one not a party. Lord Holt gave as a further reason for denying a recovery that perjury was a crime of so high a nature that it concerns all mankind to have it punished, which could not be done in an action on the case."

In Catlett v. Chestnut, *et al.,* 108 Fla. 475, 146 Sou. 547, we recognized this principle, saying:

"Public policy and the safe administration of justice, require that Circuit Judges, witnesses and parties to pending legal controversies, be privileged-against any restraint sought to be imposed upon them by suits for damages brought against them for alleged conspiracies charged against them concerning the subject matter of pending litigation, the effect of the trial of which actions for conspiracy, will simply amount to a collateral retrial of the plaintiff's pretended rights which it is alleged were intended, by means of the asserted conspiracy, to be defeated.

"The foregoing rule is a necessary corollary to be deduced from the adjudicated cases in which it has been uniformly held, by both the English and American Courts, that an action at law for damages against an adversary party or his witnesses, for allegedly procuring a verdict and judgment by fraud or perjury, cannot be maintained while such verdict and judgment remain in force. Dunlap v. Glidden, 31 Maine 435, 52 Am. Dec. 625; Stevens v. Rowe, 59 N. H. 578; Lyford v. Demerritt, 32 N. H. 234; Nicholson v. Nicholson, 113 Ind. 131, 15 N. E. 223."

So, the judgment should be, and is, affirmed.

So ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.