FELTS *v.* PARADISE *et al.* (TWO CASES).*

(*Nashville,* December Term, 1941.)

Opinion filed February 14, 1942.

JOHN W. HILLDROP, of Nashville, for plaintiffs.

WILSON WEST, of Nashville, for defendants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

These cases were consolidated for hearing. In each it was alleged in the declaration that the defendants

---

*This case is reprinted and annotated in 139 A. L. R., 467.

entered into a conspiracy to destroy the character of plaintiff by falsely swearing in a pending suit that his character was bad; that plaintiff was a man of good reputation in the community in which he resided and was entitled to full faith and credit on his oath in a court of justice; and that as a result of said false swearing he has been greatly damaged, "has suffered great humiliation, mental anguish, impairment to his nerves, loss of sleep and that these slanderous words being spoken in the public courtroom gained wide circulation and notoriety and thereby has caused plaintiff great injury and damage by holding him up to public ridicule and disgrace as aforesaid." Plaintiffs were not parties to the suits referred to but testified as witnesses therein.

The defendants demurred to the declarations upon the following grounds:

"I. Because the plaintiff's declaration shows on its face that the alleged slanderous words spoken by the defendants were absolutely privilged.

"II. Because the plaintiff's declaration shows on its face that the alleged slanderous words spoken by the defendants were made while they were on the witness stand in a judicial proceeding in a Court of record.

"III. Because the alleged slanderous words set out in plaintiff's declaration show of and in themselves that they were pertinent to the case in issue in said judicial proceeding and were therefore absolutely privileged under the conditions and circumstances alleged.

"IV. Because the alleged slanderous words set out in plaintiff's declaration show of and in themselves to be responsive answers and not defaming observations under the conditions and circumstances alleged."

The demurrers were sustained by the trial court and

the suits dismissed. This action of the trial court presents the issue which we are now called upon to determine.

It is conceded that ordinarily a witness is not liable civilly for false swearing. But it is contended that where two or more conspire together to destroy the character of another by falsely swearing that the character of such person is bad a different rule applies, and that such testimony is not privileged. The authorities do not support this contention.

The Court of Appeals of Maryland in *Hunckel* v. *Voneiff,* 69 Md., 179, 188, 14 A., 500, 501, 17 A., 1056, 9 Am. St. Rep., 413, quotes approvingly from Starkie on Slander, in which that author said: "Witnesses, like jurors appear in court in obedience to the authority of the law, and therefore may be considered, as well as jurors, to be acting in the discharge of a public duty; and though convenience requires that they should be liable to a prosecution for perjury committed in the course of their evidence, or for conspiracy in case of a combination of two or more to give false evidence, they are not responsible, in a civil action, for any reflections thrown out in delivering their testimony."

In *Schaub* v. *O'Ferrall,* 116 Md., 131, 81 A., 789, 792, 39 L. R. A. (N. S.) 416, Ann. Cas., 1913C, 799, 802, the court quoted from its former decision in *Kimball* v. *Harman,* 34 Md., 407, 410, 6 Am. Rep., 340, as follows: "It is clear, therefore, as well upon the authority of other cases as that of *Savile* v. *Roberts,* 1 Ld. Raym. [Eng.], 374, that an act which, if done by one alone, constitutes no ground of an action on the case, cannot be made the ground of such action by alleging it to have been done by and through a conspiracy of several."

424

The Supreme Court of New York in *Williams* v. *McClellan et al.,* 59 Misc., 620, 111 N. Y. S., 229, 230, in denying a recovery in a similar suit to that before us, said:

"It is the well-settled law that an action at law will not lie to recover damages for perjury alleged to have been committed in a former case in which the plaintiff might have been interested. *Young* v. *Leach,* 27 App. Div., 293, 50 N. Y. S., 670, and cases cited. And it must follow that an action such as this, which is to recover damages for an alleged conspiracy by the defendants to commit perjury, as well as for the giving of the alleged false testimony, cannot be maintained. It cannot be that a conspiracy to do a thing is actionable where the thing itself would not be."

Counsel for plaintiffs have cited us to the case of *Cook* v. *Starkey,* 8 Tenn. Civ. App. (8 Higgins), 556, as holding to the contrary. So far as appears from the opinion in that case the question we are now considering was not raised, and the case was tried upon a plea of not guilty. The Court of Civil Appeals simply sustained the first assignment of error and reversed the case because there was "no evidence to support the verdict."

Upon both authority and reason we are of the opinion that the declarations in these cases do not state good causes of action, and affirm the judgments of the trial court in dismissing the suits upon demurrer.