Alfred L. RAGSDALE, Plaintiff,

v.

Robert WATSON, John H. Adametz and William I. Porter, a Partnership, d/b/a Doctors Watson, Adametz and Porter; Thomas M. Durham and Stuart B. Mc-Conkie, a Partnership, d/b/a Doctors Durham and McConkie; Associated Employers Insurance Company and Light Adjustment Company, Defendants.

No. 857.

United States District Court
W. D. Arkansas,
Hot Springs Division.
Jan. 24, 1962.

**496**

C. A. Stanfield, Hot Springs, Ark., for plaintiff.

Wright, Lindsey, Jennings, Lester & Shults, Little Rock, Ark., Wootton, Land & Matthews, Hot Springs, Ark., for defendants.

JOHN E. MILLER, Chief Judge.

On July 14, 1961, the plaintiff filed his complaint seeking to recover large sums of money against the various defendants.

On August 5, 1961, the court granted the individual defendants additional time to August 28, 1961, in which to answer or otherwise plead.

On August 9, 1961, the court sustained the motion of defendants Associated Employers Insurance Company and Light Adjustment Company for a more definite statement and, in doing so, wrote the attorneys for all the parties advising them of the reasons which prompted the court to grant the motion for a more definite statement. In the same order the court directed that the plaintiff amend his complaint in accordance with the motion and the order of the court. On the same date the court further extended the time of the individual defendants to plead until the plaintiff had complied with the order for a more definite statement.

The plaintiff failed to comply with the order of the court of August 9, 1961, and on September 29, 1961, the court by order extended for thirty days the time of the plaintiff in which to file his amended complaint. On November 16, 1961, the plaintiff had failed, notwithstanding the additional time allowed by the court, to file an amendment to his complaint or a substitute complaint, and on that date all the defendants filed a motion to dismiss. Upon the filing of the motion the court advised all the attorneys that the case would not be dismissed at that time, but that the plaintiff would be given additional time in which to comply with the order of the court. Finally, on November 29, 1961, the plaintiff filed what he has designated as "Amendment Number One to Complaint" by substituting for the original complaint a new complaint.

On December 11, 1961, defendants Associated Employers Insurance Company and Light Adjustment Company filed their motion to dismiss pursuant to Rule 12(b) (6), Fed.R.Civ.P., 28 U.S.C.A., "failure to state a claim upon which relief can be granted."

On December 13, 1961, the individual defendants filed their motion to dismiss upon the same grounds and other grounds not contained in the motion of Associated Employers Insurance Company and the Light Adjustment Company.

The court requested the attorneys for all the parties to submit briefs in support of the various contentions. The briefs have been received, and the motions of the defendants are now ready for disposition.

In the consideration of a motion to dismiss for failure to state a claim upon which relief can be granted, the court in United States v. Farmers Mutual Insurance Association of Kiron, Iowa, 288 F.2d 560 (8 Cir. 1961), at page 562 stated:

"A motion to dismiss a complaint should not be granted unless 'it ap-

pears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.' Thomason v. Hospital T. V. Rentals, Inc., 8 Cir., 272 F.2d 263, 264; Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80; Lada v. Wilkie, 8 Cir., 250 F.2d 211."

In the case of Dutton v. Cities Service Defense Corp., 197 F.2d 458 (8 Cir. 1952), the court stated substantially the same proposition at page 459:

"This Court has repeatedly pointed out the hazards involved in attempting to terminate litigation by dismissing a complaint for insufficiency of statement. To justify such a dismissal, it must appear as a matter of law that under no state of facts which could be proved in support of the claims pleaded would the plaintiff be entitled to any relief. See Woods v. Hillcrest Terrace Corporation, 8 Cir., 170 F.2d 980, 984, and cases cited. In the case of McComb v. Johnson, 8 Cir., 174 F.2d 833, 834, this Court said:

" ' * * * We have twice before had occasion to point out the impropriety of deciding questions of coverage under the Fair Labor Standards Act upon motions to dismiss a complaint for failure to state a claim upon which relief could be granted. Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108; Stratton v. Farmers Produce Co., Inc., 8 Cir., 134 F.2d 825, 827. The futility of attempting to terminate a lawsuit by granting such a motion, unless it presents a simple, definite, clear-cut issue of law, has been pointed out by this Court in many cases. * * * ' "

See, also, Michael v. St. Paul Mercury Indemnity Co., 92 F.Supp. 140 (W.D.Ark. 1950).

■ Therefore, the motions should not be sustained unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim as alleged.

The plaintiff is a citizen and resident of the State of Texas. The individual defendants Watson, Adametz and Porter are citizens of Arkansas and reside in the Eastern District. They are engaged in the practice of neurological surgery. The defendants Durham and McConkie are citizens of Arkansas and residents of the Western District. They are engaged in the practice of orthopedic surgery.

The complaint does not allege the citizenship of the defendant Associated Employers Insurance Company, but the defendant Light Adjustment Company is a corporation incorporated under the laws of Arkansas, and was the adjuster for the defendant Associated Employers Insurance Company of the claim submitted by plaintiff for benefits under the Workmen's Compensation laws of Arkansas.

■ In connection with the citizenship of the defendant Associated Employers Insurance Company, the individual defendants in their motion to dismiss have alleged that it is a citizen of the State of Texas, and therefore they ask that the case be dismissed for the lack of diversity of citizenship, but the attorneys representing the said defendant have not included in their motion to dismiss any claim that the said defendant is a citizen of the State of Texas and that diversity does not exist. The court realizes that it is its duty to inquire into the jurisdiction, but in view of the conclusion that the court has reached upon other grounds and because of the state of the record, the court is not at this time inquiring into the citizenship of said defendant or whether its presence as a defendant destroyed diversity.

In the complaint the plaintiff has alleged that on or about March 31, 1959, while acting within the scope of his employment by the Kimbell Grocery Company, he sustained an injury, for which he was entitled to compensation in the sum of $12,500.00 and for medical, surgical and hospital expenses in the sum of $10,000.00 from the employer and its

workmen's compensation insurance carrier. The claim was filed and the defendant Employers Insurance Company, as the insurer of the employer, paid him compensation for 13 weeks in the sum of $455.00; that thereafter it refused to make further payments and wrongfully withheld from the plaintiff payments to which he was entitled under the Workmen's Compensation Law of Arkansas in the sum of $22,045.00.

The plaintiff applied to the Workmen's Compensation Commission for an order requiring the payment of the additional compensation and benefits, but the Commission found that he (plaintiff) was not entitled to additional compensation and denied his claim. That the finding was based, "inter alia," on statements of the defendants McConkie and Watson which falsely and fraudulently indicated that the plaintiff was not disabled. That such statements were in fact false and misleading and deliberately designed to and did deceive the Commission and defraud the plaintiff; that the statement of the defendant Watson was false and misleading and either deliberately designed to defraud the plaintiff, or was made after an inadequate and negligent examination, and constituted a fraud against the plaintiff by stating that the plaintiff was not injured.

Attached to the motion of the individual defendants is a copy of the opinion of the Workmen's Compensation Commission filed June 20, 1961, following the hearing referred to by plaintiff. The plaintiff does not deny or controvert in any manner that the copy attached to said motion is a true and correct copy of the order of the Commission. The order is as follows:

"BEFORE THE ARKANSAS WORK-
MEN'S COMPENSATION COM-
MISSION
"CLAIM NO. A911234
"ALFRED L. RAGSDALE,
 EMPLOYEE          CLAIMANT
"KIMBELL GROCERY
 COMPANY, EMPLOY-
 ER                RESPONDENT

"ASSOCIATED EMPLOY-
 ERS INSURANCE
 COMPANY, INSUR-
 ANCE CARRIER     RESPONDENT

"OPINION FILED July 20, 1961

Hearing before the FULL COMMISSION, upon review, at Little Rock, Pulaski County, Arkansas.

"Claimant represented by MR. C. A. STANFIELD, Attorney, Hot Springs, Arkansas.

"Respondents represented by MR. WINSLOW DRUMMOND, Attorney, Little Rock, Arkansas.

"*OPINION*

"This case is now before the Full Commission for review as a result of claimant's timely appeal from the opinion filed April 14, 1961, by the referee, wherein a finding was made that the claimant failed to meet the burden of proof necessary to establish that he is entitled to any compensation or medical treatment after June 30, 1959.

"A study of the record and the referee's opinion shows that the statement of the case therein is a fair and accurate résumé of the case, and the Commission adopts same as its own. We would add only that on appeal additional evidence was offered in the deposition of Dr. Stuart B. McConkie given June 6, 1961, the testimony of two co-workers of the claimant, Billy Nobles and Sherman Allen, the testimony of Dr. R. V. Bennett and further testimony of the claimant, himself.

"The main questions to be decided on this appeal are whether the claimant's healing period terminated on June 30, 1959, and whether claimant is entitled to further compensation and medical treatment after this date. The claimant's alleged injury took place on March 31, 1959, when, in lifting a wooden pallet, he injured his left shoulder. The claimant has been seen and examined during the course of this claim by Dr. Jack Wright, Dr. Stuart B. McConkie, Dr. Robert Watson, Dr. Vernon Simmons, Dr. John M. Hundley and Dr. R. V. Bennett, as well as certain staff physicians at the Veterans

Administration Hospital, Little Rock, Arkansas. It was not until an examination of the claimant on July 20, 1960, by Dr. R. V. Bennett, that any history of an injury to the neck of the claimant was elicited. This injury allegedly took place on March 23, 1959. This history was not given other examining doctors in the case.

"After viewing all of the evidence in this claim in a light most favorable to the claimant, the Commission is of the opinion that claimant has failed to meet the burden of proof to establish that he is entitled to any compensation or medical treatment after June 30, 1959, arising from the alleged injuries of March 23, 1959, and March 31, 1959.

"We, therefore, find that the referee's opinion of April 14, 1961, is correct and that this claim should be denied.

"IT IS SO ORDERED.

"/s/ L. D. Blair

"L. D. BLAIR, Chairman

"/s/ O. W. Holmes

"O. W. HOLMES, Commissioner

"/s/ S. V. Zinn, Sr.

"S. V. ZINN, SR., Commissioner"

Ark.Stat.Ann., Sec. 81–1304 (1960 Replacement), provides:

"The rights and remedies herein granted to an employee subject to the provisions of this act [§§ 81–1301—81–1349], on account of injury or death, shall be exclusive of all other rights and remedies of such employee, his legal representative, dependents, or next kin, or anyone otherwise entitled to recover damages from such employer on account of such injury or death * * *."

The employer, Kimbell Grocery Company, had obtained workmen's compensation insurance, and in Shultz v. Lion Oil Company, 106 F.Supp. 119 (W.D.Ark. 1952), the court, after reviewing the workmen's compensation statute and the decisions of the Supreme Court of Arkansas as therein cited, held that a plaintiff's remedy under the Arkansas Workmen's Compensation Law was exclusive, and that the Arkansas courts had no jurisdiction of such claim except as provided in the Act and that the federal courts had no jurisdiction of an action by an employee against his employer to recover damages other than compensation as provided by the Act.

In the Shultz case the court cited Kimpel v. Garland Anthony Lumber Co., 216 Ark. 788–791, 227 S.W.2d 932, where the court held that the remedy given by the Compensation Act is exclusive as to one covered by it, and an action for damages based on negligence of an employer was properly dismissed.

In Hagger v. Wortz Biscuit Company, 210 Ark. 318, 196 S.W.2d 1, the court, after referring to the case of Odom v. Arkansas Pipe & Scrap Mat'l Co., 208 Ark. 678, 187 S.W.2d 320, and Sec. 81–1304, supra, at page 325 of 210 Ark., at page 4 of 196 S.W.2d said:

" 'The lower court properly dismissed appellant's complaint. Under the provisions of the Workmen's Compensation Law the liability therein created is the only liability against the employer that may arise out of the death or injury of an employee subject to the Act.' "

In Huffstettler v. Lion Oil Company, (W.D.Ark.1953), 110 F.Supp. 222, aff'd 208 F.2d 549, this court considered the rights of an employee to maintain a suit for negligence against his employer, and reached the same conclusion as above stated.

■ Thus, any claim that the plaintiff has against his employer or its workmen's compensation insurance carrier or the agent of the carrier must be determined by a proceeding before the Workmen's Compensation Commission.

The individual defendants were not employers of the plaintiff. None of them caused either directly or indirectly the injury which the plaintiff claims that he received while employed by the Kimbell Grocery Company.

Ark.Stat.Ann., Sec. 81–1340 (1960 Replacement), provides:

"(1). The making of a claim for compensation against any employer

or carrier for the injury or death of an employee shall not affect the right of the employee, or his dependents, to make claim or maintain an action in court against any third party for such injury, but the employer or his carrier shall be entitled to reasonable notice and opportunity to join in such action. If they, or either of them, join in such action they shall be entitled to a first lien upon two-thirds [⅔] of the net proceeds recovered in such action that remain after the payment of the reasonable costs of collection, for the payment to them of the amount paid and to be paid by them as compensation to the injured employee or his dependents."

Ark.Stat.Ann., Sec. 81–1325(b) (1960 Replacement), provides:

"A compensation order or award of the full Commission shall become final unless either party to the dispute shall, within thirty (30) days from the receipt by him of the order or award, petition in writing for an appeal to the circuit court of the county in which the accident occurred * * *. Such appeal to the circuit court may be taken by filing in the office of the Commission, within thirty (30) days from the date of the receipt of the order or award of the full Commission, a notice of appeal, whereupon the Commission under its certificate shall send to the court all pertinent documents and papers, together with a transcript of evidence, the findings and orders, which shall become the record of the cause. Upon the appeal to the circuit court no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the Commission, within its powers, shall be conclusive and binding upon said court. The court shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the order or award, upon any of the following grounds, and no other:

"1. That the Commission acted without or in excess of its powers.

"2. That the order or award was procured by fraud.

"3. That the facts found by the Commission do not support the order or award.

"4. That there was not sufficient competent evidence in the record to warrant the making of the order or award."

The plaintiff did not appeal from the order of the full Commission which found that he was not entitled to receive compensation after June 30, 1959.

█ Therefore, the claim of plaintiff for compensation and for the recovery of medical and hospital expenses has been adjudicated by the tribunal specially constituted under the Constitution of Arkansas for that purpose, and the only question remaining is whether the additional allegations of the complaint state a claim upon which relief can be granted by this court. In this connection the plaintiff has made the following allegations in numbered paragraphs III and IV of the complaint:

### "III.

"That the defendants, Associated Employers Insurance Company, through its agent Light Adjustment Company, Stuart B. McConkie and Robert Watson entered into a conspiracy to defraud plaintiff by having plaintiff examined by Stuart B. McConkie and Robert Watson and subsequently secure from the said Stuart B. McConkie, as a specialist in orthopedic surgery, and from Robert Watson, as a specialist in neurological surgery, false, incomplete and misleading reports and evidence as to plaintiff's physical condition, which reports and evidence were to be presented to the Workmen's Compensation Commission, with the design and intent that plaintiff would be denied the compensation to which he was entitled and the defendant, Associated Employers Insurance Company would avoid

its legal duty to pay plaintiff as required by law; that as a result of such conspiracy such examinations and reports were issued and presented to the Commission as set out above, and were considered as evidence by the Commission, and did result in the denial of plaintiff's claim to his actual damage in the sum of $22,045.00 for which he ought to have judgment; that for such fraudulent acts and transaction plaintiff should be awarded special or exemplary damage compensation in the sum of $100,000.00.

"IV.

"Further, for his separate complaint against the defendants, Doctors Thomas M. Durham and Stuart B. McConkie, plaintiff states and alleges:

"That after treatment by another physician who was unable to determine the cause of the pain plaintiff continuously suffered, plaintiff went to Doctors Durham and McConkie as a patient and was accepted by them as such; that these defendants discovered by x-ray examination that there was a partial dislocation of a vertebrae and that two discs were herniated, ruptured, or narrowed in his cervical spine; that these defendants knew that the condition they so discovered might have caused the pain he then complained of and explained to them; that notwithstanding the fact that plaintiff as their patient was entitled to the best treatment they as experts in their field of orthopedic surgery could afford him, plaintiff was discharged from care by them without being advised as to the abnormal condition they had discovered in his cervical spine or given any treatment therefor; that these defendants, at plaintiff's request, reported their examination and treatment to the insurance carrier and the Workmen's Compensation Commission; that in said reports they omitted information and deliberately concealed the

fact that they had discovered the abnormalities in plaintiff's cervical spine. That as a result plaintiff was denied the treatment to which he was entitled; denied the compensation and medical expenses to which he was entitled; and, continued to suffer great pain, all to his actual damage in the sum of $40,000.00. That for the wrongful acts herein complained of plaintiff ought to recover from the defendants, Doctors Durham and McConkie compensation for that damage in the sum of $40,-000.00 and he should be awarded judgment against them in the way of special or exemplary damages in the sum of $100,000.00."

In other words, assuming that the truth of the allegations might be established by the evidence, can the plaintiff maintain this action for damages in a separate proceeding at law arising from the above alleged civil conspiracy to defraud him by the intentional submission of the false and misleading medical reports by the defendants as evidence in the proceeding before the Workmen's Compensation Commission?

■ A civil conspiracy is defined as a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means. 15 C.J.S. Conspiracy Sec. 1; Southwestern Pub. Co. v. Ney, 227 Ark. 852, 302 S.W.2d 538 (1957).

11 Am.Jur., Conspiracy, Sec. 45, characterizes the civil liability for conspiracy as follows, beginning at page 577:

"Accurately speaking, there is no such thing as a civil action for conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy, rather than by the conspiracy itself; and unless something is actually done by one or more of the conspirators which results in damage, no civil action lies against anyone. The gist of the civil action for conspiracy is the act or acts committed in pursuance

thereof—the damage—not the conspiracy or the combination. The combination may be of no consequence except as bearing upon rules of evidence or the persons liable. The combination must be shown, however, if, because of a dishonest combination to accomplish some wrongful act, the conduct complained of becomes actionable. The essential elements, whether of a criminal or 'civil' conspiracy, are the same, except that to sustain a civil action for conspiracy special damages must be proved.

The case of Felts v. Paradise, 178 Tenn. 421, 158 S.W.2d 727, 139 A.L.R. 467 (1942), restates the American Jurisprudence characterization as follows, at page 468 of 139 A.L.R.:

"In Schaub v. O'Ferrall, 116 Md. 131, 81 A. 789, 792, 39 L.R.A.,N.S., 416, Ann.Cas.1913C, 799, 802, the court quoted from its former decision in Kimball v. Harman, 34 Md. 407, 410, 6 Am.Rep. 340, as follows: 'It is clear, therefore, as well upon the authority of other cases as that of Savile v. Roberts, 1 Ld.Raym. [Eng] 374, that an act which, if done by one alone, constitutes no ground of an action on the case, cannot be made the ground of such action by alleging it to have been done by and through a conspiracy of several.' "

Since the civil conspiracy to defraud alleged in this action is based on the overt act of perjured testimony, the next question is whether the perjured testimony itself on the part of an individual is subject to a civil suit. The rule as to civil liability for perjury is stated as follows in 41 Am.Jur., Perjury, beginning at page 44:

"Sec. 81. Generally.—Ordinarily, aside from defamation and malicious prosecution, the courts will not recognize any injury from false testimony upon which a civil action for damages can be maintained. Thus, it has been held that false testimony in a criminal action which results in a conviction of the plaintiff does not furnish the basis of a civil suit to recover damages, and that no action for damages lies for false testimony in a civil suit whereby the plaintiff fails to recover a judgment, or a judgment is rendered against him. * * * In accordance with these principles, therefore, no action lies for false testimony by reason of which the plaintiff recovers a smaller amount of damages than the amount to which he is entitled.

"On the other hand, it is apparently well settled that when the giving of false testimony is only a part of the carrying out of a scheme to defraud the plaintiff by means of the combination, fraud, and deceit of the defendants, an action will lie for damages.

"Sec. 82. Subornation of False Testimony.—Ordinarily, the fact that a defendant has suborned a witness to give false testimony in a civil suit, whereby the plaintiff has failed to recover a judgment, or a judgment has been rendered against him, does not constitute ground for the recovery of damages."

In accord: Owens v. Mench, (1952), 81 Pa.Dist. & Co.R. 314; 54 A.L.R.2d 1317 (testimony of a doctor at a hearing for application for workmen's compensation).

This leads us to the general rule which is stated in 15 C.J.S. Conspiracy § 16, as follows:

"*Conspiracy to commit perjury.* Since an action at law does not lie to recover damages for perjury committed in a former case in which plaintiff might have been interested, an action for damages for conspiracy to commit perjury and for the giving of false testimony cannot ordinarily be maintained."

A refinement of this rule appears in 11 Am.Jur., Conspiracy, Sec. 52, which states that no action lies as for a conspiracy for procuring or giving false testimony so long as the judgment procured thereby remains in force and effect.

In the annotation appearing in 139 A.L.R., the annotator, beginning at page 469, states the rationale for the rule by quoting from some of the annotated cases. From the opinion in Kessler v. Townsley (1938), 132 Fla. 744, 182 So. 232, the court quoted as follows:

" 'Public policy, and the safe administration of justice, require that circuit judges, witnesses, and parties to pending legal controversies, be privileged against any restraint sought to be imposed upon them by suits for damages brought against them for alleged conspiracies charged against them concerning the subject-matter of pendng litigation, the effect of the trial of which actions for conspiracy will simply amount to a collateral retrial of the plaintiff's pretended rights which it is alleged were intended, by means of the asserted conspiracy, to be defeated.' "

and from Dunlap v. Glidden (1850), 31 Me. 435, 52 Am.Dec. 625, A.L.R., quoted the court as follows:

" 'If the judgment was obtained, as is contended, by fraud and perjury, the plaintiff has ample remedy by law. The court which rendered the judgment upon proof of these allegations would be bound to grant a new trial, so that upon a further investigation justice might be done. The witnesses, if guilty, might be indicted for perjury, and so might all those be indicted who had unlawfully conspired together to deprive the plaintiff of his rights, and their conviction would afford the most convincing evidence that a review of the action should take place.' "

In accord: Levy v. Hayward, 101 U.S. App.D.C. 232, 248 F.2d 152 (1957); and Robinson v. Missouri Pacific Transportation Co., 85 F.Supp. 235 (W.D.Ark.1949).

However, it has been held that where the giving of false testimony is only a part of the carrying out of a scheme to defraud the plaintiff by means of the combination fraud and deceit of the defendants, an action will lie. Morgan v. Graham, 228 F.2d 625, 54 A.L.R.2d 1290 (10 Cir., 1956); Robinson v. Missouri Pacific · Transportation Co., supra; 15 C.J.S. Conspiracy § 16, p. 1027.

The plaintiff also seeks to recover punitive damages based on two general allegations: (1) that all of the named defendants had entered into a civil conspiracy to defraud him by means of perjured medical testimony before the Workmen's Compensation Commission, and (2) that Doctors Durham and McConkie either individually or in a 2-man civil conspiracy acted to defraud the plaintiff in the same manner. The plaintiff has alleged no other overt acts on the part of defendants constituting a conspiracy to defraud as an over-all scheme on their part other than by their alleged acts of giving false testimony by submission of medical reports alone for which no independent action in tort can be maintained.

If the testimony and reports of the individual physician defendants were untrue, the plaintiff had an opportunity to attack the testimony in the proceeding before the Commission or on an appeal to the state circuit court, and upon a proper showing in either tribunal, the alleged wrong could have been righted, and if the plaintiff was entitled to recover additional compensation, medical and hospital benefits, he could and was required by the law to make that showing in the Commission hearing or in the state circuit court to which he had access.

The court is of the opinion, as a matter of law, that under no state of facts which could be proved in support of the claims pleaded herein would the plaintiff be entitled to any relief. Dutton v. Cities Service Defense Corp., supra, and United States v. Farmers Mutual Ins. Asso. of Kiron, Iowa, supra.

Therefore, an order is being entered today sustaining defendants' motions to dismiss and dismissing the plaintiff's complaint and amendment thereto.