303 So.2d 349 (1974)
Felicia LEE, a Minor, by and through Wiley Lee and Pearl Lee, Her Parents, et al., Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and John Relish, Appellees.
No. 74-298.
District Court of Appeal of Florida, Third District.
October 29, 1974.
Rehearing Denied December 10, 1974.
Meltzer, West, Friesner & Goldman, Miami, for appellants.
Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellants seek review of the trial court's order dismissing their complaint in this action to recover damages for fraud.
On December 5, 1972 Felicia Lee, the minor plaintiff, was a passenger in a vehicle owned and operated by John Fox, an uninsured motorist. As a result of the negligence of Fox, minor plaintiff sustained severe injuries. At the time of the accident, Felicia Lee and her parents were covered by an insurance policy issued by the defendant-appellee State Farm Mutual Automobile Insurance Company. The policy of insurance provided uninsured motorist coverage and personal injury protection benefits. Defendant-appellee John Relish, *350 an insurance adjuster employed by defendant State Farm, informed plaintiffs that they were entitled to no benefits under the new "No Fault" law and further were not entitled to make a claim under the uninsured motorist coverage of their policy. Defendants finally agreed to accept the sum of $3,500 in full settlement and release of all their rights against State Farm. Thereupon, defendant State Farm hired an attorney to file a petition pursuant to § 744.60, Fla. Stat., F.S.A. to obtain court approval of the settlement. Three days after the filing of the above petition, the court entered its order authorizing settlement on March 16, 1973. Thereafter, the plaintiffs filed the instant complaint for damages based upon the alleged fraud of the defendant-appellees State Farm and Relish. Plaintiffs did not seek to rescind their releases. In response thereto defendants filed an answer and motion to dismiss on the grounds that the settlement was res judicata. The trial court after having received memoranda of law from the respective parties granted defendants' motion to dismiss the complaint without prejudice to plaintiffs' right to attempt to seek recission of the releases. This appeal ensued.
Plaintiff-appellants contend that they may bring an action for damages based on fraud in obtaining a release and settlement where a court has approved the minor's settlement. We cannot agree.
The directal part of the court's order authorizing settlement reads:
"... it is, hereupon
"CONSIDERED, ORDERED AND ADJUDGED as follows:
"1. That the Court is satisfied that the settlement will be for the best interest of the minor herein.
"2. That the Petition to settle all claims of FELICIA LEE a minor, against STATE FARM AUTOMOBILE INSURANCE COMPANY be and the same is hereby granted and the Petitioners are hereby authorized to settle said claims, to accept a bank draft in the sum of $1,700.00 in payment therefor and to execute and deliver unto said STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY in consideration therefor any instrument or instruments that may be necessary to effect the said settlement, completely release said Company from further liability and to allow said Company to pursue any subrogation or similar rights of recovery against any person or organization legally responsible for the injuries to the minor, FELICIA LEE.
"3. That the Petitioners, as parents and natural guardians of their minor daughter, FELICIA LEE, are hereby authorized to collect, receive, manage and dispose of the net proceeds of the settlement accruing to their daughter in the amount of $1,700.00 without further appointment, authority or bond.
"DONE AND ORDERED at Miami, Dade County, Florida, this 16 day of March, 1973.
 "/s/ J. Gwynn Parker
 "Circuit Judge"
Contrary to the contention of the appellants, we view the above approval of the settlement, not merely an order, but in effect a final judgment. See 19 Fla.Jur. Judgments and Decrees § 2 (1958) and United States Casualty Company v. Hume, Fla.App. 1959, 112 So.2d 49. It follows then that the order in question, being a final judgment, is not subject to collateral attack by the instant suit of plaintiffs for damages. See 19 Fla.Jur. Judgment and Decrees §§ 374, 376 (1958) and Kessler v. Townsley, 132 Fla. 744, 182 So. 232 (1938). Plaintiff-appellants should go back to the circuit court, probate division, and pursuant to RCP 1.540 seek to set aside the judgment.
For the reasons cited hereinabove, the order of dismissal herein appealed is affirmed.
Affirmed.