73 F.3d 362
 1996-1 Trade Cases P 71,277
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard Truman HARRIS, Plaintiff-Appellant,
v.
FMC CORPORATION, David Raymond Glowacki, and A.E. Wehde,
Defendants-Appellees.
 No. 94-6522.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1995.
 
 Before: BROWN, NELSON, and MOORE, Circuit Judges.
 BAILEY BROWN, Circuit Judge.
 
 
 1
 In this diversity action, Richard Truman Harris appeals from an order of the district court denying Harris's motion to amend his complaint and granting the defendants' motions for summary judgment. Harris's complaint, filed pro se, presented a claim for damages allegedly caused by perjured testimony given by defendant David Raymond Glowacki, an employee of defendant FMC Corporation ("FMC"), against Harris in a prior criminal action. The defendants moved for summary judgment, arguing (correctly) that Tennessee does not recognize an action for damages caused by perjured testimony. In response, Harris sought to amend his complaint to allege that the defendants (1) engaged in a conspiracy to ruin his business and reputation by giving perjured testimony, and (2) violated federal antitrust laws. The district court denied the motion to amend and granted the defendants' motions for summary judgment. For the reasons set forth below, we AFFIRM the judgment of the district court.
 
 
 2
 Harris once owned a small, Tennessee-based, manufacturing firm called Harris Tube Pulling & Manufacturing Inc. ("Harris Tube"). On March 20, 1987, Harris Tube entered into a contract with the United States Army Tank Automotive Command to manufacture spare gear boxes for the Bradley Fighting Vehicle, a tank-like vehicle manufactured by FMC and used by the army. In assembling the gear boxes, Harris Tube deviated from the product specifications by using an adhesive to seal an access cover on the gear boxes. Moreover, Harris Tube concealed this practice from government inspectors. Eventually, however, a former Harris Tube employee became a "whistle blower" and met with a government inspector. A subsequent government inspection revealed Harris Tube's use of the sealant, and its efforts to conceal it.
 
 
 3
 Federal criminal charges were brought against Harris Tube, Harris, and Harris Tube's production manager. At trial, the government called Glowacki as a rebuttal witness. The court accepted Glowacki as an expert in both quality control and the interpretation of government specifications. Glowacki testified that sealing the access covers with an adhesive was not within the contract specifications, and would interfere with the maintenance of the vehicle. On February 13, 1991, the jury returned verdicts of guilty on ten counts of mail fraud against each defendant. The court fined Harris and sentenced him to eighteen months' imprisonment.
 
 
 4
 While in prison, Harris discovered that Glowacki had offered false testimony against him. On November 5, 1993, Harris filed a pro se complaint in the district court, seeking compensatory and punitive damages against FMC, Glowacki, and Wehde.[1] Harris alleged that, in the criminal trial, Glowacki gave false testimony about Glowacki's educational background, and concerning whether the gear box specifications allow the use of an adhesive sealant on the access cover.
 
 
 5
 On July 27, 1994, the defendants filed motions for summary judgment on the ground that Tennessee does not recognize a cause of action to recover damages caused by perjured testimony, or from a conspiracy to give perjured testimony. On August 11, 1994, Harris, finally represented by counsel, responded with a motion to amend his complaint, under Federal Rule of Civil Procedure 15(a), to assert two new causes of action: (1) a claim that FMC, through Glowacki and Wehde, conspired to destroy Harris and his company by providing false testimony in the criminal trial, and (2) a claim that FMC, acting through Glowacki, Wehde, and others, conspired to create and perpetuate a monopoly in violation of the Sherman Antitrust Act, 15 U.S.C. Secs. 1 and 2.
 
 
 6
 On September 30, 1994, the district court issued a memorandum and an order denying Harris's motion to amend his complaint and granting the defendants' motions for summary judgment. The district court concluded that Harris's conspiracy claim would be futile because there is no cause of action in the state of Tennessee for recovery of damages caused by perjured testimony, even if the plaintiff alleges that the perjury is part of a larger conspiracy. Concerning the Sherman Act section 1 claim, the district court held that it was futile because a section 1 conspiracy claim does not apply to actions taken by a single company and its employees. As to the section 2 claim, the court ruled that allowing Harris to assert an entirely new cause of action at that stage of the proceedings would be unduly prejudicial to the defendants.
 
 
 7
 On appeal, Harris claims that the district court abused its discretion in denying his motion to amend.[2] Harris contends that the district court erred in concluding that Tennessee law would not recognize the "larger conspiracy exception" to the rule against allowing actions for damages caused by perjured testimony. Moreover, he asserts that the district court abused its discretion in refusing to certify the question of whether Tennessee would recognize the exception to the Tennessee Supreme Court.[3] We do not reach these issues, however, because, even assuming arguendo that Tennessee would recognize the larger conspiracy exception, Harris does not plead facts sufficient to state a claim under that exception.
 
 
 8
 This court normally reviews a district court's decision to deny a plaintiff's motion to amend his complaint for an abuse of discretion. Estes v. Kentucky Utils. Co., 636 F.2d 1131, 1133 (6th Cir.1980). When the district court bases its decision on a legal conclusion that the proposed amendment would not survive a motion to dismiss, however, we review the decision de novo. LRL Properties v. Portage Metro Housing Auth., 55 F.3d 1097, 1104 (6th Cir.1995). Federal Rule of Civil Procedure 15(a) provides that, after the defendant has responded to the plaintiff's initial complaint, the plaintiff may amend his complaint "only by leave of court or by written consent of the adverse party." The rule also provides, however, that "leave shall be freely given when justice so requires." A district court should consider the following factors in passing on a plaintiff's motion to amend his complaint: (1) undue delay in filing the motion, (2) lack of notice to adverse parties, (3) whether the movant is acting in bad faith, or with a dilatory motive, (4) failure to cure deficiencies by previous amendments, (5) the possibility of undue prejudice to adverse parties, and (6) whether the amendment is futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir.1990).
 
 
 9
 The district court denied Harris's motion to amend because it determined that the proposed amendment would be futile. The court based this determination on its belief that the Tennessee Supreme Court would not recognize the "larger conspiracy exception." We affirm the district court's order, but on a different ground.
 
 
 10
 There is a long-standing common law rule against suing a witness for damages arising from relevant testimony the witness gives in a judicial proceeding, even if the testimony is given maliciously, and with knowledge of its falsity. E.g., Felts v. Paradise, 158 S.W.2d 727, 728-29 (Tenn.1942). Most courts consider this a rule of absolute immunity, and they justify it on the ground that witnesses are less likely to be intimidated from testifying if they cannot be held civilly liable for the consequences of their statements. E.g., Wilson v. Ricciardi, 778 S.W.2d 450, 453 (Tenn.Ct.App.1989). Courts have also held that there is no cause of action for conspiracy to commit perjury, on the theory that "a conspiracy to do a thing is [not] actionable where the thing itself would not be." Felts, 158 S.W.2d at 729.
 
 
 11
 A handful of courts have carved an exception to the preceding rule, however, where the alleged perjury is but one step in the execution of a larger conspiracy. The leading case recognizing this so-called "larger conspiracy exception" is Verplanck v. Van Buren, 76 N.Y. 247 (1879). In Verplanck, the plaintiff filed a suit alleging a conspiracy to defraud.[4] The defendants had a contract with the plaintiff which allowed the defendants to manufacture bricks on the plaintiff's property. Id. at 250. The contract based the amount of the plaintiff's compensation on the amount of the defendants' sales. Id. The plaintiff alleged that the defendants had reported their sales figures to be lower than they actually were, and that the defendants had conspired with a third party to produce fictitious contracts reflecting the fraudulent figures. Id. at 251. Moreover, the plaintiff alleged that in a previous accounting action between the parties the defendants put the fictitious contracts in evidence, and that the resulting judgment was therefore smaller than it should have been. Id.
 
 
 12
 The trial court dismissed the plaintiff's lawsuit, apparently because of the rule against allowing civil actions for damages caused by prior perjured testimony. Id. at 252. On appeal, the New York Court of Appeals reversed and remanded for trial, holding that the case did not violate the rule because the complaint alleged a larger conspiracy in which the false testimony was but a small factor. Id. at 260-61. The court noted that "the false testimony [was] not the sole moving factor in the cause of action." Id. at 261. Since other acts of the defendants--the concoction of false contracts and false entries in accounting ledgers--were the chief bases for the case, the action was not "obnoxious to the rule that there can be no civil action for perjury or subornation of perjury." Id.
 
 
 13
 Through the years, at least one state other than New York has followed Verplanck and adopted the "larger conspiracy exception." See Dixon v. Bowen, 274 P. 824, 825 (Colo.1929) (en banc) (citing Verplanck in support of allowing the plaintiff to bring an action for fraud even though one of the steps in perpetrating the fraud involved the giving of false testimony). Far more often, however, courts have recognized the Verplanck exception but refused to apply it because of the plaintiff's failure to allege facts sufficient to prove a larger conspiracy of which the false testimony is only a part. E.g., Hokanson v. Lichtor, 626 P.2d 214, 221 (Kan.Ct.App.1981) ("[P]laintiff pleaded no facts upon which a claim may be predicated.... The only overt act set out in plaintiff's petition is that of [a defendant's] alleged perjury; and without more, there is no support for a claim of general conspiracy or fraud."); Radue v. Dill, 246 N.W.2d 507, 510 (Wis.1976) ("The instant case ... does not fall within [the exception].... [T]he only acts complained of are privileged acts of giving false information, and while the plaintiff contends that these acts are only a part of the entire transaction, there is nothing alleged to show any other parts.").
 
 
 14
 In the 1981 case of Buckner v. Carlton, the Tennessee Court of Appeals noted that some courts recognize the "larger conspiracy exception," but held that the plaintiff failed to plead facts sufficient to bring his case within the exception. 623 S.W.2d 102, 108-09 (Tenn.Ct.App.1981) (supplementary op.). In Buckner, the plaintiff, a former school principal who had been fired, alleged that the defendants conspired "to 'get' him and maliciously damage and injure him and his reputation in the community." Id. at 108. The plaintiff further alleged that one of the defendants perjured himself at the plaintiff's dismissal hearing, and that the perjury was only part of a larger conspiracy. The court, however, found "no overt acts [in furtherance of the alleged conspiracy] separate and apart from the false testimony." Id. The court determined that "the allegations in the complaint do not bring this suit within the 'larger conspiracy' exception." Id.
 
 
 15
 Reviewing the law shows that, before a plaintiff can avail himself of the larger conspiracy exception, he must allege facts that, if proved, indicate a conspiracy larger in scope than a simple conspiracy to commit perjury. The conspiracy must require the commission of overt acts other than the giving of false testimony. Harris's claim does not meet this test. In his proposed amended complaint, Harris alleges: "FMC, through Wehde and Glowacki and others, conspired to destroy Harris and his company by providing false testimony in order to cover up and perpetrate its fraud against the United States government." Assuming that everything Harris alleges is true, he fails to state a claim on which relief can be granted because he does not allege any overt acts in furtherance of the conspiracy other than the commission of perjury. Moreover, Harris did not allege any overt acts, beyond the commission of perjury, in conjunction with the proffered antitrust claims.[5]
 
 
 16
 Allowing Harris to amend his complaint with the proposed allegation would be futile, as the allegation cannot withstand a motion to dismiss for failure to state a claim. Hence, we AFFIRM the district court's order denying the plaintiff's motion to amend and granting the defendants' motions for summary judgment.
 
 
 
 [1]
 Harris included Wehde, who is in-house counsel to FMC, as a defendant because of his alleged involvement in sending Glowacki to testify as an expert witness
 
 
 [2]
 The plaintiff does not dispute that it was proper for the district court to grant the defendants' motions for summary judgment if the court did not err in denying his motion to amend. Hence, Harris's appeal, and this opinion, focuses on whether the court erred in denying the motion to amend
 
 
 [3]
 Harris does not appeal the district court's determination regarding the antitrust claims, and we do not find any eror in it. Harris requests, however, that, if we rule in his favor on either of the issues asserted for review, we allow him to amend his complaint to add the antitrust claims
 
 
 [4]
 The plaintiff was actually a receiver for the party defrauded. We will refer to both collectively as "plaintiff."
 
 
 [5]
 Since Harris has not presented a case which would come within the larger conspiracy exception, it is unnecessary to determine whether Tennessee would recognize the exception, or whether the district court erred in refusing to certify that question to the Tennessee Supreme Court