FRANCIS J. SCHAUB *vs.* JOHN P. O'FERRALL,
JOHN H. BOLAND, PEARL R. OHLE AND
EDWARD L. KAUFMAN.

*Witnesses: staetments in giving testimony not actionable. Conspiracy. False witnesses: action on the case
for production of—; will not lie.*

A plaintiff who had been employed as attorney to recover
property for his client brought suit against the defendant
and the latter's counsel for loss caused to him, alleging that by
means of false and perjured testimony they had conspired to
defeat the action and caused him to fail in recovering the
property in which he had an interest by an assignment from
his client. *Held,* that such an action would not lie.     p. 135

An action will not lie against a witness for what he says or
writes in giving testimony before a court of justice.     p. 138

An act which, if done by one alone, constitutes no ground of
action on the case, can not be made the ground of such an
action by alleging it to have been done by and through a
conspiracy of several.                          p. 139

*Decided October 25th, 1911.*

Appeal from the Superior Court of Baltimore City
(ELLIOTT, J.).

The cause was submitted to BOYD, C. J., BRISCOE,
PEARCE, BURKE, PATTISON, URNER and STOCKBRIDGE, JJ.

*James Fluegel* filed a brief for the appellant.

*John P. O'Ferrall* filed a brief for the appellee.

PATTISON, J., delivered the opinion of the Court.

The question presented by this appeal is one of pleading and involves only the sufficiency of the averments of the third amended declaration. To this declaration the defendants demurred, and the Court below sustained the demurrer and entered judgment for the defendants for costs, from which judgment this appeal was taken.

As we are to determine whether the ruling of the lower Court was correct in sustaining the demurrer to the declaration, it will be well for us to set forth the declaration, which is as follows:

"For that this plaintiff (Schaub) was in the month of September, nineteen hundred and nine, and had been for many years prior thereto, a practicing attorney at law in Maryland and particularly in Baltimore City, where he enjoyed a lucrative practice as a lawyer. That he had been retained by one Margaret A. Boland in the year nineteen hundred and nine, to represent her professionally as her lawyer in a pending divorce case, between her and her husband, the defendant, John H. Boland, and to recover for her a large sum of money and considerable personal property which her husband had covenanted to give her, irrespective of the said divorce case and which said claim for money and personal property due to the said Margaret A. Boland had been by her in part assigned to this plaintiff for a valuable consideration. That in a cause then pending in the Circuit Court No. 2 of Baltimore City, the said Margaret A. Boland had obtained a divorce from the defendant, John H. Boland, on the ground of his adultery, but had not as yet received from him the moneys and property so due to her as aforestated, in which this plaintiff had an interest. That to recover the same, the said Margaret A. Boland filed a petition in said Court to require the said John H. Boland to pay the same to her. That the payment of the same to her had been also guaranteed to her by the joint obligation of the defendant John H. Boland and that of the defendant Edward L. Kaufman, who was then his

co-partner in the glass and paint bsuiness in Baltimore
City. That the defendants Boland and Kaufman had failed
and refused to pay the said moneys or deliver the said
chattels to the said Margaret A. Boland or to this plaintiff
as her solicitor and lawyer as demanded by him. That the
said defendants were represented by a lawyer who is the
defendant, John P. O'Ferrall. That the defendant John
H. Boland became acquainted and socially intimate with
the defendant Pearl R. Ohle, a lewd woman and a prostitute,
in the fall of the year nineteen hundred and nine, and intro-
duced her to the defendants, Kaufman and O'Ferrall. That
the said John H. Boland did thereupon after unlawfully,
wilfully, corruptly and wickedly conspiring with the other
defendants in this case to ruin, injure and defame this
plaintiff in his profession as a lawyer and particularly as
the attorney for the said Margaret A. Boland, threaten him,
that if he persisted in pressing her claim as aforesaid against
him, that the defendants would injure and ruin the plaintiff
in his profession and would have the said prostitute, Pearl R.
Ohle, falsely testify in the said pending case of Margaret
A. Boland vs. John H. Boland in the Circuit Court No. 2
of Baltimore City, "that she had seen the plaintiff in the
home of his said client in Baltimore City in her bedroom,
that the plaintiff and his said client appeared to be affection-
ate toward each other, and that in the month of September,
nineteen hundred and nine, the plaintiff and his said client,
had, occupied a bedroom together in a hotel in New York
City while being registered under the name of Tremane,
and while the said divorce suit as aforestated was then
pending in said Court." That the plaintiff, well knowing
that such testimony on the part of the said Ohle would be
rank perjury, refused to be swerved from his duty as the
attorney for the said Margaret A. Boland, and proceeded
in the Circuit Court No. 2 in the case then pending, to
press her said claim as aforementioned. That the defend-
ant, Pearl R. Ohle, did thereupon in pursuance of said
unlawful, wicked, malicious and corrupt conspiracy and

combination with the other defendants herein named, and
after she had received various sums of money and presents
from the said John H. Boland, falsely testify to the said
matters and things aforementioned in accordance with the
threat so made to this plaintiff by the said John H. Boland
(and which matters and things, all the defendants knew to
be false and unfounded in fact), in the said cause, then pend-
ing, for the recovery of the moneys and property so due
to the plaintiff's client, in which he had an interest, in the
Circuit Court No. 2 of Baltimore City.   That as a result
of the said perjury of the said Ohle, in pursuance of said
conspiracy, the course of justice was preverted in said cause,
and the said avowed and corrupt object of the said con-
spiracy, was accomplished by the plaintiff being thus injured
in his good name, fame and reputation as a practicing law-
yer and as the attorney for the said Margaret A. Boland,
and he and the said Margaret A. Boland were thereby
deprived of the moneys and chattels, which, but for said
foul, corrupt, unlawful and wilful conspiracy, they would, in
the cause then pending in the Circuit Court No. 2 have
obtained.   That in consequence of the said perjury by the
said defendant, Ohle, the decree for an absolute divorce that
was obtained by the said Margaret A. Boland against the
defendant, John H. Boland, theretofore, and in which
divorce case this plaintiff had acted as her lawyer and solic-
itor was set aside, and her bill of complaint was dismissed;
and this plaintiff says that thereby he was unjustly caused
to suffer in his reputation as a practicing attorney in said
cause, and in his profession as a lawyer, and other wrongs,
financial loses, and damages did he thereby sustain."

The lower Court in sustaining the demurrer held that the
facts alleged in the declaration, if true, do not constitute a
valid cause of action.   The record, however, does not disclose
the grounds upon which the trial judge based his decision.

It will be seen that the declaration, consisting only of one
count, avers that the plaintiff "had been retained by one
Margaret A. Boland * * * to represent her professionally

as her lawyer in a pending divorce case between her and her husband, the defendant, John H. Boland, and to recover for her a large sum of money and considerable personal property which her husband had covenanted to give her * * * and which said claim for money and personal property due to the said Margaret A. Boland had been by her, in part, assigned to this plaintiff for a valuable consideration; * * * That to recover the same the said Margaret A. Boland filed a petition in said Court (in the divorce proceeding aforesaid) to require the said John H. Boland to pay the same to her. * * * That the defendant, Pearl R. Ohle, did thereupon, in pursuance of said unlawful, wicked, malicious and corrupt conspiracy and combination (such conspiracy and combination being set out in the declaration) with the other defendants herein named falsely testify to said matters and things aforementioned * * * in said cause then pending for the recovery of the money and property so due to the plaintiff's client in which he had an interest, in the Circuit Court No. 2 of Baltimore City. That as a result of the said perjury of said Ohle, in pursuance of said conspiracy, the course of justice was perverted in said cause * * * and he and the said Margaret A. Boland were thereby deprived of the money and chattels, which, but for said false, corrupt, unlawful and wilful conspiracy, they would, in the cause then pending in the Circuit Court No. 2, have obtained."

1. The plaintiff, as shown by that part of the declaration immediately above quoted, seeks to recover in this suit, by reason of said alleged perjury, the loss alleged to have been sustained by him in his failure to recover for his client from the defendant in that case, and one of the defendants in this case, the alleged money or property of his client, in which, as the declaration herein alleges, he had an interest by assignment from her.

All the authorities we have found are against his right to recover in this suit for such alleged loss. There does not appear to be any conflict of authority on this point.

This Court said in the recent case of *Roschen* v. *Packard* and others, decided at the April Term, 1911, and not yet reported: "The allegations that the appellees made false statements in their answer to the petition for mandamus, and that certain of them committed perjury at the trial of that case, do not state a cause of action. The controverted questions of fact which were in issue in the mandamus case and which were disposed of there, can not again be retried. Upon all the questions involved in that case, the judgment therein rendered is conclusive upon the plaintiff and the finding of the jury in that case can not be reviewed or inquired into in this suit." *Smith* v. *Lewis,* 3 Johns. 157; *Homer* v. *Fish,* 1 Pick. 441; *Dunlap* v. *Glidden and others,* 31 Maine, 436.

In the case of *Smith* v. *Lewis* the declaration sets forth a suit brought by Lewis against Smith and others in Connecticut, in which Lewis obtained a judgment. It is then alleged therein that Lewis, in order to prove the matters necessary to maintain his suit, unlawfully and corruptly and with the view and design to deceive the Court and jury and to injure the plaintiff, procured one Stephen Burritt to commit wilful and corrupt perjury by making a deposition altogether false and known to be so by the defendant, and which was given in evidence in the trial, on which evidence, and no other, the plaintiff in the former suit prevailed.

CHIEF JUSTICE KENT, in passing upon the rulings of the Court below in sustaining the demurrer to the declaration in that case, said: "This suit is an attempt to overhaul the merits of the verdict and recovery in Connecticut. If this be not an effort to try over again the merits of the former recovery, I must be greatly mistaken in my view of the case. * * * It would be against public policy and convenience; it would be productive of endless litigation, and would be contrary to established precedent, to allow the losing party to try the cause over again in a counter suit, because he was not prepared to meet his adversary in the trial of the first suit."

As was said in the case of *Dunlap* v. *Glidden*: "If the judgment was obtained, as contended, by fraud and perjury,

the plaintiff has ample remedy by law. The Court which rendered the judgment, upon proof of these allegations, would be bound to grant a new trial so that upon a further investigation justice might be done. The witnesses, if guilty, might be indicted for perjury, and so might all those be indicted, who had unlawfully conspired together to deprive the plaintiff of his rights, and their conviction would afford the most convincing evidence that a review of the action should take place."

The plaintiff in this suit, it is true, was not the plaintiff in the former suit, but the alleged loss sustained by him, as stated in this declaration, resulted from his failure to recover for his client the property and money sued for in such former suit, and in which property and money he had, as he alleges, an interest by assignment from her. The recovery by Schaub in the former suit was dependent upon the recovery by his client, the plaintiff in such suit. Thus the plaintiff here is governed and controlled by the principles of law stated in the above-mentioned authorities and his right to recover in this suit, for such alleged loss, is thereby prevented.

2. Moreover, whatever may be the liability, if any, of the other defendants in this case for procuring the said Pearl R. Ohle to testify falsely, as it is alleged, to the defamatory words concerning the plaintiff in this case set forth in the declaration, it is clear from all the authorities that no action would lie against the witness, Pearl R. Ohle, even though such testimony was in pursuance of the conspiracy charged against the defendants, including the witness, in this suit.

This Court in the case of *Hunckel* v. *Voneiff,* 69 Md. 188, quotes approvingly from *Starkie on Slander,* in which that author said: "Witnesses, like jurors appear in Court in obedience to the authority of the law, and therefore may be considered, as well as jurors, to be acting in the discharge of a public duty; and though convenience requires that they should be liable to a prosecution for perjury committed in the course of their evidence, or for conspiracy in case of a combination of two or more to give false evidence, *they are not*

*responsible* in a civil action for any reflections thrown out in delivering their testimony.".

In the same opinion the Court also quoted from the opinion of the Court in *Dawkins* v. *Rokeby,* Law Rep. 8 Queen's Bench, 255, in which the Court there said: "A long series of decisions has settled that no action will lie against a witness for what he says or writes in giving evidence before a Court of justice. This does not proceed on the ground that the occasion rebuts the *prima facie* presumption that words disparaging to another are maliciously spoken or written. If that were all, evidence of express malice would remove this ground. But the principle we apprehend is, that public policy requires that witnesses should give their testimony free from any fear of being harassed by an action on an allegation, whether true or false, that they acted from malice."

After *Dawkins* v. *Rokeby* came the case of *Seaman* v. *Netherclift,* which is also cited by this Court in the case last referred to, and which was tried before COLERIDGE, C. J., at *nisi prius* and afterwards decided by him and BRETT, J., in *Law Rep.,* 1 C. P. Div. 540, and subsequently by the Court of Appeal in *Law Rep.,* 2 C. P. Div. 53. The judges who heard the case on appeal said: "If there is anything as to which the authority is overwhelming it is that a witness is privileged to the extent of what he says *in the course of his examination.* Neither is that privilege affected by the relevancy or irrelevancy of what he says; for then he would be obliged to judge of what is relevant or irrelevant, and questions might be, and are, constantly asked which are not strictly relevant to the issue."

This Court, in *Hunckel* v. *Voneiff* after citing other English authorities, in which the same principle is laid down, said: "A different view as to the extent of the privilege has been taken by the Courts of many of the States, and it may be conceded that the weight of authority in this country is in favor of a much greater restriction upon the privileges than is sanctioned by the English decisions. But we are not

controlled by any decisions of our own Courts, and are at liberty to settle the law for this State according to our best judgment. After a most careful consideration of the subject, we are convinced that the privilege of a witness should be as absolute as it has been decided to be by the English authorities we have cited, and we accordingly adopt the law on this subject as they have laid it down."

And in the case of *Kimball* v. *Harman and Burch*, 34 Md. 410, this Court said: "It is clear, therefore, as well upon the authority of other cases as that of *Savile* v. *Roberts*, 1 Ld. Raym. 374, that an act which, if done by one alone, constitutes no ground of an action on the case, cannot be made the ground of such action by alleging it to have been done by and through a conspiracy of several."

From what we have said, it is clear that no action lies against the defendant Ohle. The defects that we have pointed out are sufficient, in our opinion, to render the declaration bad. We will, therefore, affirm the judgment of the Court below in sustaining the demurrer to the declaration.

> *Judgment affirmed, as per curiam heretofore filed, with costs to the appellee.*