## W. E. HEDGER TRANSP. CORPORATION v. IRA S. BUSHEY & SONS, Inc.

Civ. 10473.

United States District Court, E. D. New York.

June 8, 1950.

Foley & Martin, New York City (Christopher E. Heckman, New York City, of counsel), for defendant, for the motion.

Horace M. Gray, New York City, for plaintiff, in opposition.

KENNEDY, District Judge.

The defendant moves to dismiss the complaint on the ground of want of jurisdiction or, in the alternative, for an order transferring the proceeding to the admiralty side of the court. A further ground for dismissal is that the issues tendered by the complaint have been adjudicated by prior judgments and orders of this court. The motion is supported by affidavits reciting the prior proceedings litigated in this court between the same parties.

▇▇ There is a suggestion in the papers submitted on behalf of the plaintiff that the Federal Rules of Civil Procedure make no provision for dismissal of a complaint on the ground of *res judicata*. It is true that this defense is one required to be specifically pleaded in the answer, Fed. Rules Civ.Proc., rule 8(c), 28 U.S.C.A., and it is not mentioned by name as one of the defenses which may be presented by motion, F.R.C.P. 12(b). However it would be the utmost folly to construe the rules to forbid the assertion by motion prior to answer of a defense like *res judicata*, especially where the judgments relied upon are ones which were rendered in the very court which is asked to pass upon the motion. At the very least such a motion can be treated as a speaking demurrer within the spirit of the rules.

I am under the painful necessity of reciting, at least briefly, the history of the litigation out of which this motion grows. Prior to March 8, 1945, defendant had be-gun a proceeding to foreclose a preferred ship mortgage covering vessels owned by the plaintiff. After considerable wrangling in and out of court a consent decree was entered on March 8, 1945 in defendant's favor. Judge Byers presided over those proceedings.

On April 4, 1945, plaintiff began a suit on the equity side of the court to vacate the consent judgment and also to secure affirmative relief against the defendant by way of an accounting. A motion was made to dismiss the complaint, and this came on to be heard before me. I thought that since diversity was lacking the suit could not be entertained and suggested that plaintiff might file a libel of review on the admiralty side. Plaintiff appealed from the judgment dismissing the complaint, and the Circuit Court of Appeals (as it then was) *per* Judge Learned Hand modified the decision and judgment. W. E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, 2 Cir., 1946, 155 F.2d 321. Judge Hand pointed out that the term of court during which the consent decree had been entered was still open at the time of the filing of the equity complaint, and, therefore, at least to the extent that no additional parties were involved, the complaint could be treated as a petition in the admiralty. But so far as new parties were concerned, whose presence gave the action the flavor of independence, Judge Hand ruled that the complaint should be dismissed for want of diversity. *Certiorari* was sought by the plaintiff and denied. 329 U.S. 735, 67 S.Ct. 100, 91 L.Ed. 635.

Thereafter plaintiff's complaint, now become a petition, was presented to Judge Byers and was dismissed for insufficiency as matter of law. The B & B No. 5, D.C. E.D.N.Y., 1947, 70 F.Supp. 578. An appeal followed and by a divided court the Court of Appeals affirmed. Ira S. Bushey & Sons v. W. E. Hedger Transp. Corp., 2 Cir., 1948, 167 F.2d 9. Judge Clark wrote for the majority; Judge Frank dissented. Rehearing was refused on March 16, 1948, and *certiorari* denied on October 11, 1948, 335 U.S. 816, 69 S.Ct. 36, 93 L.Ed. 371. The present complaint was filed on December 20, 1949.

114

Although plaintiff asserts that its present complaint is not identical with the pleading passed upon by Judge Byers and the Circuit Court of Appeals, it will be found that the differences between the two pleadings are verbal merely. The same claim is asserted, namely, duress, fraud and abuse of process. The object of the suit is the same, namely, to vacate the consent decree of March 8, 1945, and for an accounting. The same chain of incidents is relied upon to support the claim.

The plaintiff takes the position, and rather vigorously, that this time it does not wish to go back to the admiralty court; that this is "an independent action". Indeed it is said in the brief that now Judge Byers' term is over, and hence there is no jurisdiction on the admiralty side, as there was when plaintiff's first equity complaint was treated as a petition. One would suppose that such an "independent" action would require diversity to support it, but the plaintiff denies this, and urges (1) that the case is within the ancillary jurisdiction of the court, and moreover (2) that a federal question is presented, namely, "the construction of the Preferred Ship Mortgage Act". 46 U.S.C.A. § 911 et seq. In short, plaintiff says that for some purposes its claim is independent and for others ancillary. Having in mind the almost exact identity between this complaint and that with which Judge Learned Hand dealt, 155 F.2d 321, 325, I suspect that his decision ought to bind me and that I need go no further. Perhaps I also ought to consider the possible impact of F.R.C.P. 60(b), which in its present form was enacted after Judge Hand's decision. But it seems unnecessary for me to confine decision to such narrow ground in the light of the history of the litigation between these parties.

If ever there was a case in which the Court of Appeals was at pains to examine and analyze the facts in detail, this is the one, 167 F.2d 9, and the majority felt that on the facts the plaintiff's substantive claim could not be supported, even as ancillary to the admiralty suit. Judge Clark says in the plainest English that nothing alleged by the plaintiff in its original equity complaint (treated as a petition), required a trial or the taking of testimony. As for the tenuous claim of the plaintiff that its present complaint is different, I may say that in its brief it points to only five paragraphs which contain what it calls "additional allegations".[1] These "additional allegations" all deal with alleged improper motives and intentions on the part of the defendant during the course of the foreclosure suit. And Judge Clark, again in very plain English, said that in his approach to the problem he accepted plaintiff's charges about the motives and intent of the libelant (defendant here) set forth in the petition.

The fact that no proof was taken by Judge Byers before he rendered his decision dismissing the petition furnishes no reason against the application of the principle of *res judicata*. Sacks v. Stecker, 2 Cir., 1932, 62 F.2d 65. The Court of Appeals, as I have said, made careful appraisal of the facts, weighed the plaintiff's claim in the light of those facts, and found it without merit even sufficient to warrant a trial. The plaintiff now asks me to ignore all this and, in effect, to order the very trial which the Court of Appeals found unnecessary. I refuse to follow any such absurd course.

There remains one point to be considered, not raised before. Plaintiff now says, in the teeth of the language of the Court of Appeals, that all that was formerly said about its claim and all that was formerly ruled in connection with it must be ignored, because despite the absence of diversity it has now begun an independent action presenting a federal question. All that I think need be said about this contention is that if I am right in holding that the doctrine of *res judicata* applies, then the former decisions bind me not only concerning issues which were passed upon but issues which might have been raised and litigated. And actually the so-called "federal question" is not at all the gravamen of the plaintiff's claim, for which reason the

1. Paragraphs 26, 37, 38, 41 and 56.

situation is probably governed by Gully v. First National Bank in Meridian, 1936, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70.

The motion is granted and the complaint dismissed on the ground that plaintiff's claim has been decided adversely to it by former decisions and orders of this court and the Court of Appeals.