BADDERS *v.* UHLER, et al.

[No. 132, September Term, 1963.]

442

*Decided February 4, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, MARBURY and SYBERT, JJ.

*Isidor Roman* for appellant.

*H. Emslie Parks*, with whom was *E. Townsend Parks, Jr.*, on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree granting summary judgment for the appellees, upon their motion, and entering a judgment for costs. The bill of complaint sought to fasten a constructive trust upon property owned by the defendant, Mrs. Uhler, plaintiff's mother, which she had turned over to Mr. & Mrs. Huff. The motion was based upon the ground that the subject matter had been fully adjudicated in a previous suit in Baltimore County between the appellant and Mrs. Uhler.

The first contention of the appellant is that since there was an appeal pending in the previous suit, there was no final judgment and the court erred in applying the rule of *res judicata* and in granting the summary judgment. The point appears to be a novel one in Maryland. *Green v. State,* 170 Md. 134, 142, relied on by the appellant, was not a case of *res judicata* and is distinguishable on the facts. It is, of course, well settled that

the rules of *res judicata* do not apply unless there is a final judgment. *Surrey Inn, Inc. v. Jennings,* 215 Md. 446, 454-55. But on the precise point as to the effect of an appeal there is a broad split of authority. The cases *pro* and *con* are collected in Annotation, 9 A.L.R. 2d 984. See also 2 Freeman, *Judgments* (5th ed. 1925), § 722, and Restatement, Judgments § 41, Comment (d). Some courts have solved the problem by granting a continuance or stay until the pending appeal is decided. We find it unnecessary to decide the question here, because the appeal in the previous case, No. 86, This Term, was dismissed on motion prior to the hearing in the case at bar. Whether or not the case became moot, as contended by the appellees, it would serve no useful purpose to remand the case for further consideration of a judgment that has now become final.

The appellant contends that the suit brought in Baltimore County on October 22, 1962, was based upon a wholly different theory. It sought an accounting and injunction and to recover possession of certain bank accounts, bank books, bonds and cash, and to recover monies paid on account of the purchase of certain real property. The decree entered on January 28, 1963, directed the bank accounts and other property to be turned over to Mrs. Uhler, and this was done. The present suit, filed on February 27, 1963, sought to attack transfers of some of this same property to Mr. & Mrs. Huff, and to set aside a deed to them of certain real estate in October, 1962, recorded in 1963. It relied upon an alleged contract to convey all the property owned by Mrs. Uhler and her late husband to the appellant for services rendered and to be rendered, and a deed to Mrs. Uhler in which the appellant was named as remainderman, with, however, full power in the life tenant to alienate during her lifetime. The appellant thus contends that the present controversy involves different parties and different subject matter.

We think *res judicata* applies. As to the new parties, they were in privity with Mrs. Uhler, since their claim to the property is derived from her, and if she had the right to dispose of it they had the right to receive it, at least as against the claim of the appellant. See *Sterling v. Local 438, Etc.,* 207 Md.

132, 144, and *Myers v. Gordon,* 165 Md. 534, 543. As to the subject matter, it may be true that the real property was not directly included in the decree, but as to the other property the holding was that Mrs. Uhler was entitled to hold and possess it free of any control by the appellant, because her transfer of it to the appellant was in breach of a confidential relation. The only reason the real estate was not included was because he laid no claim to it. If at that time, the appellant could establish his right to any of the property on the basis of an enforceable contract rather than on the theory of gift, he should have put the claim forward. See *Martin v. Evans,* 85 Md. 8, 9; *Alvey v. Alvey,* 225 Md. 386, 390; and *Brown v. Fraley,* 229 Md. 445, 453.

We find no error in the form of the affidavits and exhibits setting up in bar the proceedings and record in the prior case, nor do we find an abuse of discretion in the granting of the motion to stay the taking of depositions in the instant case, pending the decision on the motion for summary judgment.

*Decree affirmed, with costs.*