**MAICOBO INVESTMENT CORPORA-
TION (a District of Columbia
Corporation)**

v.

**Nomita VON DER HEIDE and Amalia
de M. Riggs, and Carl M. Freeman
and Ellis M. Jones.**

Civ. No. 15418.

United States District Court
D. Maryland.

July 15, 1965.

Allen A. Sperling, Silver Spring, Md., for plaintiff.

D. Heyward Hamilton, Jr., Baltimore, Md., for defendants Von Der Heide, Riggs and Jones.

Franklin G. Allen and Robert B. Barnhouse, Baltimore, Md., for defendant Freeman.

THOMSEN, Chief Judge.

The several defendants have moved to dismiss portions of the amended complaint in this case and for a summary judgment with respect to other portions. The facts relied on in support of or in opposition to the motions for summary judgment are matters of record in a previous State court proceeding. The issues will be more clearly understood if those facts and the facts alleged in the amended complaint are stated first.

### Facts

Under date of August 6, 1960, plaintiff (Maicobo) and two of the defendants herein, Nomita Von Der Heide and Amalia de M. Riggs (Von Der Heide and

Riggs) entered into an agreement whereby those defendants agreed to sell and Maicobo agreed to buy "the Von Der Heide property of approximately 315 acres on Maryland Route 97 North of Olney with frontage on both sides of Georgia Avenue and one side of Laytonsville Road", in Montgomery County, Maryland, for a total price of $775,000, of which $300,000 was to be paid at the date of conveyance and the balance of $475,000 was to be a first deed of trust assumed by the purchaser.

A title report on the property ordered by Maicobo after the execution of the sales contract indicated that the property consisted of 273 acres rather than 315 acres, and further indicated the existence of rights of way owned by others over approximately 20 acres of the property.

Maicobo delivered the $25,000 deposit required by the contract and made timely tender of further performance, but with a reduction in the total purchase price proportionate to the reduction in acreage. Von Der Heide and Riggs refused to settle on the basis of any reduction in the purchase price, contending that the sale was a sale in gross; on the day appointed for settlement they tendered a deed for the property in exchange for the consideration specified in the contract, but Maicobo refused to settle on that basis.

On April 1, 1962, Maicobo filed a bill of complaint for specific performance against Von Der Heide and Riggs in the Circuit Court for Montgomery County, Maryland, sitting as a Court of Equity. The bill alleged the facts set out above, described the property in detail, and prayed that Von Der Heide and Riggs be directed to execute and deliver to Maicobo a good and sufficient deed for the property in exchange for a purchase price "reduced proportionately to the reduction in the size of the premises as described in the contract between the parties", and for such other and further relief as the nature of the case might require. An answer was duly filed, the case came on for trial, and evidence was taken before Judge Shook, who entered a

decree dismissing the case, after finding that the contract between the parties introduced in evidence "represents a sale in gross, is free of ambiguity and, therefore, parole evidence to vary its terms is inadmissible and the Solicitor for the Plaintiff having stated to the Court that unless the Plaintiff was permitted to introduce proffered evidence which the Court held to be inadmissible he could not proceed with the prosecution of the plaintiff's cause".

Maicobo entered an appeal to the Court of Appeals of Maryland on May 9, 1963, but never filed any supersedeas bond or similar undertaking. The appeal was docketed in the Court of Appeals and was duly briefed and argued.

On November 20, 1963, while the case was being held sub curia by the Court of Appeals, Von Der Heide and Riggs entered into a contract of sale of the property to Carl M. Freeman, one of the defendants herein. On January 15, 1964, while the case was still sub curia, Von Der Heide and Riggs filed a motion under Maryland Rule 835 b (7) to dismiss the appeal as moot. The motion alleged the agreement with Freeman, a copy of which was attached to the motion, alleged that the settlement thereunder was scheduled for that day (January 15), and alleged that no supersedeas bond had ever been filed by Maicobo. The allegations of the motion were supported by an affidavit of appellee Riggs. On the next day, January 16, Ellis M. Jones, also a defendant herein, made an affidavit, of which the original was sent to the Court of Appeals and a copy to counsel for Maicobo. In the affidavit Jones stated that he was the settlement attorney named in the contract of sale from Von Der Heide and Riggs to Freeman, and that on January 15, 1964, the sellers and the buyer appeared at his office, "the sellers delivered a duly executed, special warranty deed for the property", and "the purchaser tendered the purchase price in cash as called for in said contract, together with the notes and deed of trust securing the same for the full balance of the purchase price named."

On January 21, 1964, appellant Maicobo, through its then counsel, filed an answer to the motion to dismiss the appeal, claiming that the motion was not timely filed, and "that to permit the filing of the Motion at this point, with the appeal on its merits having long since been briefed and argued, would deny the Appellant any opportunity of inquiring into the genuineness of the alleged mootness; the Appellant would be denied cross examination, discovery, and oral argument". He alleged that the record on appeal "is completely silent on any matters bearing on the alleged mootness. What 'record' there is consists entirely of self-serving affidavits and papers, seen for the first time by the Appellant upon receipt of the Motion to Dismiss". The answer further claimed that Freeman was not a bona fide purchaser. Authorities were cited in support of both positions taken by Maicobo.

Notwithstanding those arguments the Court of Appeals entered the following order:

> "Upon consideration of the motion filed by the appellees in this cause, together with the exhibits filed therewith, having been read and considered, and it appearing from the same that this cause has become moot, it is, thereupon, this 13th day of February, 1964, by the Court of Appeals of Maryland, ordered, that the appeal in this cause be and the same is hereby dismissed, with costs to be paid by the appellant."

Thereupon counsel who had represented Maicobo up to that time withdrew his appearance, and Maicobo's present counsel entered his. He promptly filed a petition to reconsider and vacate the dismissal of the appeal and for stay of the mandate, contending that the motion to dismiss had been granted in error, in that the Court of Appeals had power to affect the purpose of the suit by its decision, and the matter was therefore not moot. He argued:

> "The case was apparently dismissed because, no stay of execution

having been obtained by the posting of a supersedeas bond, appellees were able to make a valid conveyance of the property to a third party, and, with the property no longer in the hands of the appellees, it was the opinion of the Court that, regardless of the merits of the appeal, appellant could no longer get the remedy it wanted, namely specific performance.

> "Appellant respectfully contends that, although it was not entitled to a *stay of execution* without posting a supersedeas bond, it nevertheless could not be stripped of certain rights it had under the doctrine of *lis pendens,* and because of those rights the appeal *could not* become moot through a conveyance pendente lite."

Counsel supported his argument by a discussion of many decisions in Maryland and elsewhere, but did not claim or argue that the dismissal was obtained by fraud. The motion to reconsider and vacate was denied by the Court of Appeals.

### The Proceedings Herein

Shortly thereafter Maicobo filed its original complaint in this Court against Von Der Heide and Riggs, based upon the alleged breach of the contract of sale between the parties and claiming $300,000 damages. Later, on its claim that it had just learned or become aware of certain facts, Maicobo was granted leave to file and filed an amended complaint, which added Freeman and Jones as defendants. It contains three counts:

Count I alleges in paragraphs 1–6 substantially the same facts alleged in the bill of complaint filed in the Circuit Court for Montgomery County, and summarized in the first three paragraphs under the heading "Facts" in this opinion. Count I then alleges:

> "As a result of the wrongful refusal of defendants Von Der Heide and de M. Riggs to settle on the contract, plaintiff has sustained damages in the amount of three hundred thousand dollars ($300,000)."

Count II re-alleges paragraphs 1–6 of Count I, alleges the proceedings in the Court of Appeals of Maryland, set out above, and then alleges and demands as follows:

"13. The January 15, 1964 settlement of the sales contract between defendants Von Der Heide and de M. Riggs, vendors, and defendant Freeman, vendee, at which defendant Ellis M. Jones was settlement attorney, and the conveyance thereunder, were not fully performed as of such date, but were conditioned in fact and in law upon a successful termination of the aforementioned litigation pending in the Maryland Court of Appeals, and were completed and made absolute only after such termination.

"14. The defendants did deliberately and knowingly act in concert to effect and did effect the aforementioned conditional and incomplete settlement, for the specific purpose of representing same as a completed and unconditional settlement and conveyance and to thereby wrongfully use same as the basis of a motion to dismiss the appeal then pending in the Maryland Court of Appeals.

"15. By virtue of the aforementioned incomplete settlement and misrepresentation thereof as an absolute and completed conveyance, defendants procured the dismissal of plaintiff's appeal then pending in the Maryland Court of Appeals without a decision on the merits, thereby wrongfully depriving plaintiff of its day in Court.

"WHEREFORE, plaintiff demands:

"1. That the January 15, 1964 conveyance of the aforementioned property from defendants Von Der Heide and de M. Riggs to defendant Freeman be declared void, the judgment herein be declared a lien on said property, and defendant Freeman be declared to hold the afore-mentioned property as trustee for the benefit of plaintiff.

"2. Judgment against defendants in the amount of One Million dollars ($1,000,000) for compensatory damages, One Million dollars ($1,000,-000) for punitive damages, plus interest and costs of this suit."

Count III re-alleges paragraphs 1–6 of Count I, and adds:

"17. There was, in fact and in law, never a binding contract between plaintiff and defendants Von Der Heide and de M. Riggs, due to a mutual misunderstanding as to the subject matter of the contract, or alternatively, if a binding contract did come into existence, it was rescinded by the parties by their actions thereafter.

"18. Plaintiff is entitled to the return of its deposit of twenty-five thousand dollars ($25,000) made pursuant to the contract, but defendants Von Der Heide and de M. Riggs have failed to return same or have same returned to plaintiff.

"WHEREFORE, plaintiff demands judgment against defendants Von Der Heide and de M. Riggs in the amount of twenty-five thousand dollars ($25,000) plus interest and costs of this suit."

Defendants Von Der Heide and Riggs have moved for summary judgment in their favor on Counts I and III on the ground of res judicata.

Together with Jones they have moved to dismiss Count II on the grounds: (1) that this Court lacks jurisdiction of the subject matter thereof, because it is a collateral attack on the order of the Court of Appeals of Maryland dismissing the appeal; (2) that under the principles of comity the Court should not assume jurisdiction of the case; and (3) that Count II fails to state a claim upon which relief can be granted.

Freeman has moved this Court to dismiss as not stating a claim against Freeman upon which relief can be granted: (1) that portion of Count II which seeks

money damages for alleged misrepresentations to the Court of Appeals of Maryland, which allegedly induced that Court to dismiss Maicobo's appeal; and (2) that portion of Count II which seeks to have the conveyance of January 15, 1964, to Freeman declared void and to have Freeman declared to hold the property as trustee for the benefit of Maicobo. As to (3) that portion of Count II which seeks relief based upon the contract of sale between Maicobo and Von Der Heide and Riggs, Freeman moves this Court for summary judgment on the ground of res judicata, in that an action for specific performance of the contract of sale was previously brought by the plaintiff herein in the Circuit Court for Montgomery County, Maryland, and a final judgment was rendered dismissing the action on its merits.

The motions have been fully briefed and argued by counsel for the respective parties.

### Discussion

■ The defense of res judicata may be raised in a federal court by a motion for summary judgment.[1] On all matters of substantive law, Maryland law governs.

■■ The Maryland courts recognize and apply the generally accepted principles of the doctrine of res judicata, including the rule set out in the Restatement of the Law, Judgments, § 65(1):

"Where a judgment on the merits is rendered in favor of the defendant in an action to enforce one of two or more alternative remedies, the plaintiff cannot thereafter maintain an action to enforce another of the remedies."

Walzl v. King, 113 Md. 550 (1910); Sterling v. Local 438, etc., 207 Md. 132, 142, 113 A.2d 389 (1955); Badders v.

Uhler, 233 Md. 441, 197 A.2d 120 (1964). See also comment c to § 65 and comment b to § 46 of the Restatement. Particularly, in a specific performance case the court has jurisdiction to settle all the rights of the parties to the suit, including any damages the vendee may have sustained by the vendor's breach of the contract; and neither the vendee nor his assignee can again litigate any question or any claim which might have been urged in that suit. Walzl v. King, 113 Md. at 556, 77 A. 1117.

■ Where, however, an appeal is dismissed on the ground that the controversy has become moot, the judgment from which the appeal was taken will not be binding against the appellant in a subsequent action *on a different cause of action*. Restatement, Judgments, § 69 (2). Grau v. Board of Zoning Appeals, 210 Md. 19, 122 A.2d 824 (1956); Lake Falls Assn. v. Board of Zoning Appeals, 209 Md. 561, 121 A.2d 809 (1956).

The first question to be decided in this case, therefore, is whether Count I is based on the same cause of action as the suit in Montgomery County. As we have seen, that suit was for specific performance brought by Maicobo against Von Der Heide and Riggs, based on the alleged breach of the contract of sale by the failure of those defendants to perform the contract as it was and is still construed by Maicobo, despite the decision of the Circuit Court. Count I of the present action is for damages for the same alleged breach of the same contract. The Maryland decisions indicate that Count I is based upon the same cause of action as the suit in Montgomery County.

Sterling v. Local 438, etc., supra, was an action for damages against three defendants based on the wrongful dismissal of the plaintiff from the office of business

---

1. Fletcher v. Flournoy, D.Md., 113 F.Supp. 727 (1952), aff'd 4 Cir., 205 F.2d 896 (1953). See also Brack v. Gross, 4 Cir., 186 F.2d 940 (1951); Hedger Transportation Corp. v. Ira S. Bushey & Sons, E. D.N.Y., 92 F.Supp. 112 (1950), aff'd 2 Cir., 186 F.2d 236 (1951); 348 Bloomfield Ave. Corp. v. Montclair Mfg. Co., D.N.J., 90 F.Supp. 1020 (1950); Willoughby v. Flem, D.Mont., 158 F.Supp. 258 (1958). Summary judgment is equally available for such purposes in Maryland, Badders v. Uhler, 233 Md. 441, 197 A.2d 120 (1964).

agent of a union. An equity suit had been brought by the plaintiff two years earlier against two of the three defendants to recover the lost office and had been dismissed. Speaking through Judge Hammond, the Court said:

"We think that the decree in the equity case was conclusive of the claim asserted by the first count of the amended declaration as a direct estoppel. We find the cause of action in equity and that asserted in the first count of the declaration before us now to be the same. The appellant claimed in equity, as he does now at law, that he had a legal right to be business agent and that the appellees violated this legal right by holding invalid the election by virtue of which his right arose." 207 Md. at 141, 113 A.2d at 393.

Although the general law on this point is admittedly not clear, see 65 Harv.L. Rev. 820, at 824–825, the ruling in Sterling v. Local 438, supra, is supported by other Maryland cases, e. g., Hamlin Mach. Co. v. Holtite Mfg. Co., 197 Md. 148, 78 A.2d 450 (1951), Levin v. Singer, 227 Md. 47 (1961), and Badders v. Uhler, supra.[2] See also Restatement, Judgments, Introductory Statement to Title D, p. 239, and §§ 61–67, particularly § 65(1).

■ Since Count I is based upon the same cause of action as the State suit, the claim alleged in Count I is barred by the Montgomery County decree, and defendants' motion for summary judgment with respect to Count I must be granted.

■ Count III in the present amended complaint alleges the same historic facts as Count I, but Count III then alleges that there was, in fact and in law, "never a binding contract between plaintiff and defendants Von Der Heide and de M. Riggs, due to a mutual misunderstanding as to the subject matter of the contract, or alternatively, if a binding contract did come into existence, it was rescinded by the parties by their actions thereafter". Count I, like the suit in Montgomery County, alleges that the contract was at all material times binding upon the parties. Count III seeks no relief for breach of contract or any other relief based upon the contract. It seeks only return of the deposit, on the ground that there never was a binding contract, or, if there was, that it had been rescinded.[3] But Count III alleges no facts to support the alternative conclusions therein alleged. On the facts alleged, plaintiff does not appear to have any right to maintain the claim asserted in Count III, but this Court feels that plaintiff should be granted leave to amend Count III to allege, if possible, any facts which would support the alternative conclusions above referred to or otherwise show that the cause of action asserted in Count III is not barred by the Montgomery County decree, and to support such facts by appropriate proof.

It follows that summary judgment should be denied at this time with respect to Count III, with leave to plaintiff to amend Count III within 30 days, and without prejudice to defendants' right to

2. In Gelpi v. Tugwell, 1 Cir., 123 F.2d 377 (1941), and LaSalle National Bank v. Chicago, 3 Ill.2d 375, 121 N.E.2d 486 (1954), relied on by Maicobo, the appellate courts which had dismissed the original appeal had made express provision to prevent the judgment of the lower court from becoming res judicata in a later action. There was no such provision in the order of the Maryland Court dismissing Maicobo's appeal. In Allegheny County, Pa. v. Maryland Casualty Co., 3 Cir., 146 F.2d 633 (1944), and Knowlton v. Town of Swampscott, 280 Mass. 69, 181 N.E. 849 (1932), the earlier cases had not been decided on the merits by the lower courts. The suit by Maicobo in the Circuit Court for Montgomery County was decided on the merits.

3. It should be noted that the contract contained a provision that: "If the purchaser shall fail to so do [make settlement], the deposit herein provided for may be forfeited at the option of the seller, in which event the purchaser shall be relieved from further liability hereunder, or without forfeiting the said deposit the seller may avail himself of any legal or equitable rights which he may have under this contract."

renew their motion for summary judgment with respect to Count III or to file a new motion therefor.

Count II presents more complicated problems. The principal charge in Count II is that the dismissal of the appeal was obtained by an alleged fraudulent representation, in the motion to dismiss· the appeal and in the affidavit of Jones, that the settlement of the sale of the property from Von Der Heide and Riggs to Freeman had been completed. Neither the motion nor the affidavit says so specifically, but for purposes of the present motions, this Court will assume that the representation was made to the Court of Appeals and that Court regarded it as a controlling factor.[4] The first demand in Count II is that "the January 15, 1964, conveyance" of the property from Von Der Heide and Riggs to Freeman "be declared void", that "the judgment herein be declared a lien on said property", and·that Freeman be declared to hold the property "as trustee for the benefit of plaintiff". By its second demand Maicobo seeks one million dollars compensatory damages and one million dollars punitive damages.

■ Once again, certain basic principles are clearly established. No recovery of damages will be allowed against one who obtained a judgment by means of perjured testimony. Schaub v. O'Ferrall, 116 Md. 131, 81 A. 789, 39 L.R.A.,N.S., 416 (1911). Nor may an action be maintained against one who acted in concert with the perjurer. Schaub v. O'Ferrall, supra; Kimball v. Harman, 34 Md. 407 (1871). The remedy is to have the judgment stricken out. Tasea Investment Corp. v. Dale, 222 Md. 474, 160 A.2d 920 (1960).

In Aetna Cas. & Sur. Co. v. Abbott, 4 Cir., 130 F.2d 40 (1942), the plaintiff had recovered a judgment in a Maryland state court against a bank for a loss from a safe deposit box. The judgment had been affirmed by the Court of Appeals of Maryland. Since the bank was insolvent, the plaintiff brought suit in the district court to enforce his judgment against an insurance company which had issued a safe deposit liability policy to the bank. One defense interposed by the insurance company was that the judgment in the Maryland court had been obtained by fraud and as the result of conspiracy by the plaintiff and certain witnesses who testified in his behalf. When the case reached the Fourth Circuit, Judge Parker, speaking for the Court, rejected that defense, noting that the· facts alleged were insufficient "to show that there was extrinsic fraud in the procurement of the judgment which would justify the court in disregarding it." Judge Parker continued:

"Even if the language be construed as charging that the judgment sued on was procured by means of perjured testimony, this would not be sufficient; for it is well settled that this constitutes no ground upon which the court could disregard the judgment or deny its enforcement in an independent proceeding. The frauds which justify such action in an independent proceeding between the same parties or their privies are those which are extrinsic or collateral to the matter tried, and not frauds, such as perjured evidence, which were 'actually presented and considered in the judgment assailed'." Id. at 43–44, citing United States v. Throckmorton, 98 U.S. 61, 25 L.Ed.2d 93 (1878); Maryland Steel Co. of Sparrows Point v. Marney, 91 Md. 360, 46 A. 1077 (1900); and other cases.

■ In the instant case the fraud charged is misrepresentation to the Court of Appeals in a motion and an affidavit upon which that Court acted in dismissing the appeal. The dismissal of the appeal is the judgment assailed in Count II. If the dismissal was obtained by a perjured affidavit, the Court of Appeals can strike it out just as any other court

4. The execution of the contract of sale from Von Der Heide and Riggs to Free- man may have been the controlling factor since no supersedeas bond had been filed.

can strike out one of its judgments obtained by perjured testimony. Tasea Investment Corp. v. Dale, supra.

There is no suggestion that the judgment in the Circuit Court was obtained by fraud. Nor is there any allegation of fraud practiced on Maicobo, causing it to release or settle its claim and to dismiss a suit, as there was in the cases relied on by Maicobo, such as Automobile Underwriters v. Rich, 222 Ind. 384, 53 N.E.2d 775 (1944), and Urtz v. New York Central Railway.Co., 202 N.Y. 170, 95 N.E. 711 (1911). In such a situation a plaintiff may either bring an action to rescind the agreement of compromise and reinstate the original cause of action, or if he chooses he may let the compromise stand and sue for damages for the fraud that led him to give up his original cause of action. One reason for giving a plaintiff such a choice is that he can rescind the compromise only by restoring the consideration that he received, and passage of time may have made it impossible or difficult for the plaintiff to do so. The reason for that rule does not apply here, for Maicobo does not have to restore any consideration received from the defendants in order to seek relief from the Court of Appeals based upon the allegations which it is now making herein.

It is hard to tell from the record in this case why the Court of Appeals found that the State case had "become moot", in view of the prayer for other and further relief in the bill of complaint filed in Montgomery County, which was before the Court. No amplification of the finding was included in the order, and no opinion was filed.

It is clear, however, that the Court of Appeals has not yet had presented to it the contention that its order of dismissal was obtained by misrepresentation or fraud.

There is no reason why Maicobo could not have presented that contention to the Court in June, 1964, when it filed this action nor any reason why it cannot present that contention now. All courts in Maryland retain the power to reexamine and set aside their judgments obtained by fraud. Tasea Investment Corp. v. Dale, 222 Md. 474, 160 A.2d 920 (1960). Ordinarily, fraud is charged in the obtaining of the original judgment. In such situations the availability of relief in the state court which rendered the judgment will not always cause a federal court to deny relief from the judgment. See 7 Moore's Federal Practice, 2d Ed., § 60.37(3), and Restatement of Judgments, § 128, comment a.

In the instant case, however, Maicobo is asking this Court to decide that the Court of Appeals, if it had heard the appeal, would have reversed the judgment of the lower court. The prayer for damages is based on the allegation that the plaintiff had been deprived of his opportunity to obtain a reversal in the Court of Appeals. No case has been cited or found dealing with a situation in which the plaintiff claimed to have been deprived of its right of appeal, after having lost on the merits in the lower court. Maryland recognizes the general principle that damages must be reasonably certain and may not be based on speculation or conjecture. Mount Royal Cab Co. v. Dolan, 166 Md. 581, 171 A.2d 854 (1934). The Circuit Court has held against Maicobo's claim. How can this Court say with the required degree of certainty that if the Court of Appeals had decided the case on the merits it would have reversed the Circuit Court? These considerations argue strongly against a ruling by this Court that under the facts alleged in this case Maicobo should be allowed to maintain an action for damages in a federal court rather than to avail itself of the clear remedy available to it in the Court of Appeals of Maryland.

This Court concludes that Count II fails to state a claim on which relief can be granted herein.

### Conclusion

The Court will sign an order—

1. Entering judgment in favor of the defendants on Count I of the amended complaint.

2. Dismissing Count II for failure to state a claim on which relief can be granted.

3. Denying defendants' motion for summary judgment on Count III, without prejudice, and with leave to plaintiff to file an amended Count III.