**John A. HAYDU, Plaintiff,**

v.

**The CITY OF BILLINGS, MONTANA, a body politic and corporate et al., Defendants.**

Civ. No. 621.

United States District Court
D. Montana,
Billings Division.

Sept. 27, 1966.

Robert H. Wilson, Hardin, Mont., for plaintiff.

Robert P. Ryan, City Atty., Billings, Mont., for defendants.

## MEMORANDUM OPINION

JAMESON, Chief Judge.

By complaint filed September 23, 1966, plaintiff, suing "for himself and for the benefit of all the other water and sanitary sewer users" of the City of Billings, questions the validity of proceedings authorizing the issuance of revenue bonds in the sum of $4,000,000 for the reconstruction and extension of the City's municipal storm and sewer system, and seeks to enjoin the City from collecting any rates and charges pursuant to the provisions of section 28.80 of Ordinance No. 3082 of the City of Billings, Montana. It is alleged that section 28.80 is in conflict with Clause 1 of Article XIV of the Amendments to the Constitution of the United States and is void in that it deprives plaintiff of his property without due process of law and denies to plaintiff equal protection of the laws.

On September 24, 1966, defendant filed a motion to dismiss on the ground, inter alia, that all issues in this action

have been previously litigated in the state courts of Montana and are res judicata under the decision of the Supreme Court of Montana entered August 5, 1966, in the case of the City of Billings v. Ralph Nore et al., 417 P.2d 458. The motion was set for hearing on September 26, 1966, at 10:00 A.M.

It was conceded at the hearing that the City had called for bids at 1:00 P.M. of that day for the sale of bonds in the sum of $1,000,000. The defendants contended that it would be difficult, if not impossible, to obtain bids on the bonds if this action were pending.[1] Counsel for plaintiff argued that the action should not have that effect since the defendants in the state court action may still seek review in the Supreme Court of the United States of the federal constitutional questions raised in that action.

■ While defendants question the jurisdiction of this court, it is clear from Donovan v. City of Dallas, 1964, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409, that this court has jurisdiction over the parties and the subject matter of the action, and that "whether or not a plea of res judicata * * * would be good is a question for the federal court to decide." (377 U.S. at 412, 84 S.Ct. at 1582.)

With commendable candor counsel for plaintiff conceded at the hearing that this action involves the same parties or their privies and the same issues as the state court action.[2] Defendants offered in evidence (1) an authenticated copy of the proceedings in the District Court of the Thirteenth Judicial District of the State of Montana in and for the County of Yellowstone in the case of the City of Billings, Montana v. Ralph Nore et al.; (2) a letter received by the City from the President of Yellowstone Taxpayers Association, Inc. (see note 1); and (3) the decision of the Supreme Court of Montana in City of Billings v. Ralph Nore et al.[3] Counsel for plaintiff stated that he would have no evidence to present and that he was relying solely upon his legal argument that the defense

---

1. Defendants offered in evidence a letter addressed to the City Clerk of the City of Billings, dated September 23, 1966, from R. T. Hurdle, President of Yellowstone Taxpayers Association, Inc., which reads:

   "We note in your recent advertisements in the Billings Gazette and in the Billings Times you are calling for sealed and oral bids for the purchase of one million dollars worth of sewerage system revenue bonds. We presume that this is in connection with what is known as the four million dollar storm sewer scheme.

   "We also note in the second paragraph that the city agrees to furnish the customary certificate as to the absence of threatened or pending litigation affecting the validity of the said bonds.

   "To assist you in preparing this aforesaid certificate, the Yellowstone Taxpayers Association, Inc. begs to advise you that on September 23, 1966, an action was filed in the Federal Court challenging the constitutionality of this mammoth storm sewer scheme.

   "At a meeting of the board of directors of our organization it was unanimously decided to fight this unjust tax scheme to the bitter end.

   "We will appreciate it if you will bring these matters to the attention of the Hon. Mayor and City Council and also incorporate the facts in your certificate to prospective bond buyers."

2. The following appears in the reporter's transcript:
   "* * * *
   "THE COURT: Let me make this clear. Do you stipulate (1) it is the same parties or their privy in this case?
   "MR. WILSON: This is right.
   "THE COURT: Do you stipulate (2) the same issues are presented here as were determined by the Supreme Court of Montana?
   "MR. WILSON: Yes, or at least presented to the Supreme Court."

3. The opinion of the Supreme Court of Montana recites that the specifications of error raised, inter alia, the question of "(W)hether R.C.M.1947, §§ 11–2217 to 11–2221 are constitutional and whether section 28.80 is contrary to the Constitions of the United States and the State of Montana by virtue of being discriminatory and in violation of due process". The court held "that sections 11–2217 to 11–2221 and section 28.80 are constitutional".

of res judicata may not properly be raised by a motion to dismiss and is therefore not available to the defendants.

■ In support of this contention plaintiff relies upon Zeligson v. Hartman-Blair, Inc., 10 Cir. 1943, 135 F.2d 874. While this case supports plaintiff's position, it should be noted that it was decided prior to the amendment to Rule 12(b) and (d) of the Federal Rules of Civil Procedure, effective March 19, 1948,[4] and in any event is contrary to the more recent decisions holding that the defense of res judicata may be raised on a motion to dismiss. In W. E. Hedger Transp. Corporation v. Ira S. Bushey & Sons, Inc., E.D.N.Y.1950, 92 F.Supp. 112, aff'd 186 F.2d 236, the court stated:

> "There is a suggestion * *. * that the Federal Rules of Civil Procedure make no provision for dismissal of a complaint on the ground of res judicata. It is true that this defense is one required to be specifically pleaded in the answer, Fed.Rules Civ.Proc., rule 8(c), 28 U.S.C.A., and it is not mentioned by name as one of the defenses which may be presented by motion, F.R.C.P. 12(b). However it would be the utmost folly to construe the rules to forbid the assertion by motion prior to answer of a defense like res judicata, especially where the judgments relied upon are ones which were rendered in the very court which is asked to pass upon the motion." (92 F.Supp. at 113).

While Hedger Transp. Corp. involved a prior judgment of the same court, the same rule applies with respect to prior judgments of state courts (Larter & Sons v. Dinkler Hotels Co., 5 Cir. 1952, 199 F.2d 854; 348 Bloomfield Avenue Corp. v. Montclair Mfg. Co., Inc., D.N.J., 1950, 90 F.Supp. 1020) and other federal courts (Nichols v. Alker, E.D.N.Y.1954, 126 F.Supp. 679, aff'd 231 F.2d 68, cert. denied 352 U.S. 829, 77 S.Ct. 42, 1 L.Ed. 2d 51; Hartmann v. Time, Inc., 3 Cir. 1947, 166 F.2d 127, 1 A.L.R.2d 370).

■ Evidence may be produced in support of the defense of res judicata and if there is no genuine issue of fact, the motion may be sustained. Where the defense does not appear upon the face of the complaint, however, it is necessary to receive evidence before dismissing the action. Miller v. Shell Oil Co., 10 Cir. 1965, 345 F.2d 891, 893. It is clear from the evidence adduced by the defendants and the statements of counsel in open court that plaintiff is attempting to relitigate issues which have been or could have been litigated in the prior action in state court. The parties in the prior action are either parties in this action or in privity with them.

■ It is settled that the judgment of a state court must be given full faith and credit in every other court in the United States. 28 U.S.C. § 1738 provides in part:

> " * * * judicial proceedings (of any state court) * * * shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of

4. Rule 12(b) F.R.Civ.P. as amended, provides in pertinent part: "Every defense * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Rule 12(d) provides: "The defenses specifically enumerated (1)–(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mention in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial."

788

such State, Territory or Possession from which they are taken."

For a discussion of this doctrine see Fauntleroy v. Lum, 1908, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed.1039; United States v. Eisenbeis et al., 9 Cir. 1901, 112 F. 190, 195.

■ Federal courts have no power to review the judgment of a state court, except that where a substantial federal question is presented, "final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court" pursuant to the provisions of 28 U.S.C. § 1257. Insofar as federal district courts are concerned, there is no right to review even though a federal constitutional question was passed upon by the state court. This is clear from Rooker v. Fidelity Trust Co., 1923, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362, where the Court said:

"Under the legislation of Congress, no court of the United States other than this Court could entertain a proceeding to reverse or modify the judgment for errors * * *. To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original.

\* \* \* \* \*

"In what has been said we have proceeded on the assumption that the constitutional questions alleged to have arisen in the state courts respecting the validity of a state statute, * * * and the effect to be given to a prior decision in the same cause by the Supreme Court of the state, * * * were questions of substance, * * * —the assumption being indulged merely for the purpose of testing the nature of the bill and the power of the District Court to entertain it." (263 U.S. at 416, 44 S.Ct. at 150.)

■■ In effect plaintiff seeks to review in this court a final judgment of the Supreme Court of Montana and to relitigate issues which were determined by the Montana court. Since no genuine issue of fact is presented, it seems advisable to determine the plea of res judicata at this time in order to prevent additional repetitive litigation. On the basis of the evidence and statements of counsel at the preliminary hearing, the court finds that the issues presented by the complaint are res judicata, and the motion to dismiss is granted.